Claire E. VANCE and Brent A. Vance, Plaintiffs,

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. 89–136–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

June 8, 1989.

---

**204**

James M. Boyd, Boyd, Fleming & Boyd, P.C., Norfolk, Va., for plaintiffs.

Judith M. Cofield, Guy, Cromwell, Betz & Lustig, P.C., Virginia Beach, Va., for defendant.

## AMENDED MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on Motions for Summary Judgment filed by both the plaintiffs and the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendant, Aetna Life Insurance Company (Aetna), also seeks attorney's fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure, Section 8.01–27.1 of the Code of Virginia and 29 U.S.C. § 1132(g) of the Employee Retirement Income Security Act (ERISA). Similarly, the plaintiffs seek attorney's fees pursuant to 29 U.S.C. § 1132(g).

This action was originally filed in the Circuit Court of the City of Virginia Beach, Virginia alleging state law contract and tort claims. The defendant removed the action to this Court alleging that the insurance policy at issue is governed by ERISA and therefore presents a federal question. In their Amended Complaint, plaintiffs allege that they are entitled to payment pursuant to ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). The plaintiffs did not reallege the state common law claims for tort and breach of contract contained in the original Complaint because they are preempted by ERISA. *See,* 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

The record in this case reveals the following facts. The plaintiffs, Brent and Claire Vance, are the beneficiaries of Tandy Corporation's Employee Group Benefit Insurance Plan (the Plan), which is an insurance benefit plan issued by the defendant Aetna on behalf of the employees of the Tandy Corporation (Tandy) and their dependents. (Plaintiffs' Amended Complaint ¶ 2). Plaintiff, Brent Vance, began employment with Tandy on August 29, 1986 and enrolled for and was accepted into the Plan which provides insurance coverage for spouses and dependents of eligible employees. (Plaintiffs' Amended Complaint ¶¶ 3 and 4). The policy provides that coverage becomes effective after two months of continuous employment. (Defendant's Brief Ex. 2). Thus, coverage for plaintiff, Claire Vance, became effective on October 29, 1986. (Defendant's Brief Ex. 4). On October 22, 1986, seven days prior to the effective date of coverage, Claire Vance was seen by Rita Meeks, M.D. "for OBS care." (Defendant's Brief Ex. 5). On June 26, 1987, Claire Vance was admitted to the Virginia Beach General Hospital where she gave birth to a daughter. The birth was not without difficulty as plaintiff was required to undergo a caesarean section delivery. The plaintiffs have incurred $4,788.94 for medical care rendered to Claire Vance for prenatal, delivery and postnatal care. The defendant, Aetna, has denied coverage under the Plan.

■ The defendant argues that because plaintiff, Claire Vance, was treated or received services for her pregnancy prior to the effective date of coverage, plaintiffs fall within the ambit of the preexisting conditions rule and therefore her pregnancy is not a covered expense. The preexisting conditions rule is contained on page 13 of the Group Insurance Benefits booklet and provides:

PRE–EXISTING CONDITIONS RULE

There is a limitation for a "preexisting condition." It applies during the first 12 months of a person's current period of coverage. During this 12 months, expenses for the treatment of such a condition are not covered. A "preexisting condition" is one for which, during the last 3 months before becoming covered, the person:

—was treated; or

—received services; or

—took prescribed drugs or medicines.

The plaintiffs argue that the preexisting conditions rule conflicts with another provision in the manual entitled "Pregnancy Coverage" which states: "Benefits are payable for pregnancy-related expenses of female employees and dependent wives on the same basis as for disease, *whether or not the pregnancy commences while the individual is covered under this Plan.*" (Emphasis added). Plaintiffs assert that this language conflicts with the language of the preexisting conditions rule and therefore creates an ambiguity which must be construed in favor of the insured.

The Court finds, however, that the pregnancy coverage provision, which provides that benefits are payable whether or not pregnancy commences while the individual is covered, does not conflict with preexisting conditions rule. The clause at issue in the pregnancy coverage provisions clarifies the scope of the preexisting conditions rule. In other words, an insured, whether pregnant or suffering from some other disability, is not denied coverage simply because the condition began prior to the effective date of coverage. If, however, the insured has knowledge of the preexisting condition prior to the effective date of coverage because he/she was treated, received services, or took prescribed drugs or medicine for the preexisting condition, coverage will be denied.

■ The Court also finds that the defendant's decision to treat pregnancy like any other disability or disease is not a matter of discretion, but a duty imposed by law. The Pregnancy Discrimination Act (PDA) of 1978, 42 U.S.C. § 2000e(k) provides in part: "[W]omen affected by pregnancy, childbirth, or related medical conditions *shall be treated the same* for all employment-related purposes, including receipt of benefits under fringe benefit programs...." (Em-

phasis added). Furthermore, the regulations of the Equal Employment Opportunity Commission (EEOC) specifically provide:

Written or unwritten employment policies and practices involving matters such as the ... payment under any health or disability insurance or sick leave plan, formal or informal, shall be applied to disability due to pregnancy, childbirth or related medical conditions *on the same terms and conditions* as they are applied to other disabilities.

29 C.F.R. § 1604.10(b) (1988). (Emphasis added). Thus, subjecting pregnancy-related expenses to the preexisting conditions rule, which applies to other disabilities and diseases, conforms with both the PDA and the EEOC regulations.

■ The plaintiffs argue that the denial of coverage in the instant case would violate the spirit of the Pregnancy Discrimination Act of 1978, which prohibits sex discrimination on the basis of pregnancy. The plaintiffs assert that the Act is protective legislation intended to cover, not deny, benefits to pregnant women. The Court agrees with plaintiffs' position that the PDA is protective in that it is discriminatory to treat pregnancy-related conditions less favorably than other medical conditions. The Supreme Court applied this principle in *Newport News Shipbuilding and Dry Dock Co. v. Equal Employment Opportunity Commission*, 462 U.S. 669, 684, 103 S.Ct. 2622, 2631, 77 L.Ed.2d 89 (1983) and found that an employer's health insurance plan which provides less favorable pregnancy benefits for spouses of male employees than for female employees violated the Pregnancy Discrimination Act. The Court finds, however, that the insurance policy at issue in this case treats pregnancy and nonpregnancy disabilities on an equal basis and therefore complies with the Act. The Court declines to adopt plaintiffs' argument that the PDA should always be construed to confer benefits upon pregnant women.[1] Such a construc-

---

1. The Court's decision in *Newport News* may have the unintended effect of worsening the position of women employees who become pregnant. Professor Arthur Larson argues:

Employers now compelled by the Act to extend their dependent coverage to include employee wives may shift the additional financial burden to their employees, making the cost of dependent coverage much higher for

tion would violate the plain language of the PDA by not treating women affected by pregnancy "the same for all employment-related purposes." 42 U.S.C. § 2000e(k).

In the instant case, the record reveals that plaintiff, Claire Vance, was seen by a doctor prior to the effective date of coverage. The record also reveals that plaintiff was seen for a preexisting condition (pregnancy), although the extent of treatment or services rendered is less than clear. The Court finds, however, that plaintiff received treatment or services in the diagnosis or confirmation of her pregnancy. Therefore, plaintiff's pregnancy falls within the preexisting conditions rule and the defendant did not act improperly in denying insurance coverage.

▪ Finally, the defendant seeks attorney's fees for the time spent on removal of this cause because the state law claims were clearly preempted by ERISA. The Court finds, however, that Rule 11 sanctions may not be imposed on an attorney for signing and filing a state court action which is subsequently removed to federal court. *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253, 256 (4th Cir.1987). The Court also finds that an award of attorney's fees pursuant to Section 8.01–271.1 of the Code of Virginia, the state law counterpart to Rule 11, is not appropriate in this case. This Court has jurisdiction over this matter irrespective of the amount in controversy or the citizenship of the parties. 29 U.S.C. § 1132(f). Because federal law preempts plaintiffs' state law causes of action, this Court declines to apply state law for the purpose of imposing attorney's fees.

▪ The defendant also seeks an award of attorney's fees pursuant to 29 U.S.C. § 1132(g)(1) which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The majority of circuit courts

which have addressed this statute have considered the following policy factors:

(1) The offending parties' culpability or bad faith;

(2) The ability of the offending parties to satisfy an award of attorneys' fees;

(3) The deterrent effect of an award of attorneys' fees against the offending parties;

(4) The benefits conferred on members of the pension plan as a whole; and

(5) The relative merits of the parties position.

*Monkelis v. Mobay Chemical*, 827 F.2d 935, 936 (3d Cir.1987); *Central States, Southeast and Southwest Areas Pension Fund v. 888 Corp.*, 813 F.2d 760, 767 (6th Cir.1987); *Gray v. New England Telephone & Telegraph Co.*, 792 F.2d 251, 257–58 (1st Cir.1986); *Lawrence v. Westerhaus*, 749 F.2d 494 (8th Cir.1984); *Smith v. CMTA–IAM Pension Trust*, 746 F.2d 587 (9th Cir.1984); *Gordon v. United States Steel Corp.*, 724 F.2d 106 (10th Cir.1983); *Fine v. Semet*, 699 F.2d 1091 (11th Cir. 1983); *Miles v. New York State Teamsters Conference*, 698 F.2d 593 (2d Cir.), *cert. denied*, 464 U.S. 829, 104 S.Ct. 105, 78 L.Ed.2d 108 (1983); *Ironworkers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980). The Court finds that full consideration of these factors militates against the imposition of attorney's fees and costs against the plaintiff. There is no evidence in the record that plaintiffs acted in bad faith in filing this action. The Court also finds that plaintiffs' cause of action was not unmeritorious and that there would be little, if any, deterrent effect in awarding defendant attorney's fees. Furthermore, the ability of the plaintiffs in this case to satisfy an award of attorney's fees is nominal given their financial condition as alleged in the Amended Complaint. (Amended Com-

---

women employees relative to the value of their anticipated benefits than for male employees. Those employers who do not shift the increase in premiums to their employees may find that a more attractive means of compliance is to eliminate dependent benefits plans altogether. This latter scenario—that

nondiscrimination on the basis of sex in fringe benefits only be achieved by eliminating such benefits altogether—is surely not what Congress intended for working women. A. Larson & L. Larson, *Employment Discrimination*, § 38.21(d) at 8–28.8–28.9 (1988).

plaint ¶ 9). The defendant's Motion for Attorney's Fees is therefore DENIED.

Accordingly, defendant's Motion for Summary Judgment is GRANTED, the Motion for attorney's fees is DENIED, and plaintiff's Motion for Summary Judgment and Attorney's Fees is DENIED. The Amended Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.