**Claudia McDORMAN, Plaintiff,**

v.

**SIERRA AUTO CENTER, a Nevada corporation, Yosemite Risk Management Corp., a California corporation, and Paul H. Snider, Defendants.**

**No. CV–N–89–356–ECR.**

United States District Court, D. Nevada.

Feb. 28, 1991.

Calvin R. Dunlap, Reno, Nev., for plaintiff.

John B. Mulligan of Lionel Sawyer & Collins, Reno, Nev., and James M. Nelson, Sacramento, Cal., for defendants.

### ORDER

EDWARD C. REED, Jr., Chief Judge.

In an earlier order, we determined that ERISA preempted plaintiff's state law claims against defendants. Defendants subsequently moved for attorney's fees under various authority, including ERISA section 29 U.S.C. § 1132(g)(1). In an order dated December 20, 1990 (document # 43), we denied defendants' motion on all grounds except § 1132(g)(1). We ordered the parties to file contemporaneous opening briefs, and then responsive briefs, addressing whether § 1132 should apply given that plaintiff sued defendants under state law only, yet ERISA preempted plaintiff's claims.

Plaintiff filed her opening brief on January 25, 1991 (document # 44). Defendants filed their opening brief on the same date (document # 45). Plaintiff filed her response on January 31, 1991 (document # 46). Defendants filed their response on February 8, 1991 (document # 47). We

now address the applicability of 29 U.S.C. § 1132(g)(1).

29 U.S.C. § 1132(g)(1) provides in relevant part:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

In this case, plaintiff filed a complaint in Nevada state court, alleging nine causes of action under state law. Plaintiff sought damages for tortious conduct. Defendants removed the case to federal court on the basis of federal question jurisdiction. Plaintiff filed an amended complaint, still alleging only causes of action under state law. Plaintiff sought no relief under ERISA. We subsequently held that ERISA preempted each cause of action, and granted summary judgment in favor of defendants. We refused to address whether plaintiff could obtain relief under ERISA. Plaintiff did not amend her complaint to allege the right to recover under ERISA.

Considering the text of § 1132, the words *"by* a participant, beneficiary, or fiduciary,"* imply that a case falls under ERISA when the plaintiff affirmatively brings a suit under ERISA. In this case, plaintiff sued under state law only. Plaintiff sought damages for allegedly tortious conduct, not under the relief provisions of ERISA. Further, the tortious conduct plaintiff alleges defendants engaged in did not necessarily arise because of the plan.

Plaintiff argues that since she sued improper parties under ERISA requirements, the case does not arise under ERISA. Defendants counter that suing the wrong parties does not matter. If the case substantively falls under ERISA, defendants add, the case is under ERISA regardless of who the defendants are. We agree with defendants on this point. For example, if plaintiff had sued the same defendants requesting relief under ERISA, § 502 would clearly apply despite the presence of improper defendants. However, that plaintiff did not sue proper parties under the provisions of ERISA is evidence that plaintiff was not

attempting to sue under, nor seek relief under, ERISA.

Defendants argue that since the preemption provision of ERISA, 29 U.S.C. § 1144(a), falls within "this subchapter," plaintiff's action was under ERISA because ERISA determined the outcome of the case. We disagree with this reasoning. Assume a plaintiff sues a defendant under a given law, and the defendant raises the statute of limitations as a defense. If the court agrees with the defendant, it will preclude the plaintiff from proceeding and enter judgment for the defendant regardless of the merits of plaintiff's claim. Similarly, in our case, we held that ERISA preempted plaintiff's state claims regardless of their merit. In the hypothetical, even though the statute of limitations precluded the plaintiff from proceeding, the plaintiff did not "bring the suit under the statute of limitations."

Further, assume plaintiff sues defendant for breach of an oral contract. Defendant asserts the statute of frauds as a defense. If the court agrees, plaintiff loses even though an agreement may have existed and been breached by defendant. In this hypothetical, even though the statute of frauds bars plaintiff's suit, the plaintiff did not "bring the suit under the statute of frauds."

Applying this reasoning to our situation, ERISA merely appeared as a "roadblock" to plaintiff's suit. Plaintiff's suit did not arise under ERISA. ERISA merely forbade plaintiff from bringing her suit. An affirmative defense, such as the statute of limitations, the statute of frauds, or preemption, precludes a plaintiff from prosecuting a claim. Thus, merely because ERISA determined the outcome of this case does not mean that the case arose under ERISA or that plaintiff sued under ERISA.

Defendants also argue that since plaintiff's case presented a federal question, the case had to be under ERISA. Plaintiff relies on *Vance v. Aetna Life Insurance,* 714 F.Supp. 203 (E.D.Va.1989). In *Vance,* plaintiff sued defendant in state court alleging state violations in relation to an

insurance plan. Defendant removed the case to federal court, alleging that ERISA preempted plaintiff's claims. Plaintiff amended his complaint to allege entitlement to payment under the substantive provisions of ERISA. Plaintiff abandoned his state law claims.

The court implicitly held that § 1132(g)(1) applied and analyzed whether plaintiff was entitled to attorney's fees. Our case can be distinguished. In this case, plaintiff's amended complaint alleged only state law violations. Plaintiff has neither asserted nor pleaded a right to recover under ERISA. In *Vance*, § 1132 clearly applied because plaintiff amended his complaint to seek relief under ERISA. In our case, plaintiff never sought relief under ERISA. Thus, *Vance* does not help defendants.

Plaintiff argues that she may still assert claims against defendants under ERISA, limitations problems aside. Thus, plaintiff argues, if she chose to amend her complaint to include claims under ERISA, and subsequently prevailed, she, and not defendants, would be entitled to attorney's fees. We cannot rule out this possibility. In our order granting summary judgment to defendants, we expressly refused to determine whether plaintiff had a valid claim under the substantive provisions of ERISA.

Further, in *Scott v. Gulf Oil Corp.*, 754 F.2d 1499 (9th Cir.1985), plaintiff had sued defendant under state law. The court held that ERISA preempted plaintiff's claims and granted plaintiff leave to amend to allege violations of ERISA. Thus, the court implicitly concluded that even though ERISA barred plaintiff from asserting state law claims, plaintiff was not barred from seeking recovery under the substantive provisions of ERISA. Similarly, plaintiff here appears to have the opportunity to allege ERISA violations against defendants, limitations problems aside. Consequently, plaintiff's claim has not yet arisen under ERISA.

Finally, defendants argue that since no other attorney's fees provisions apply, the case must arise under ERISA. We must reject this argument. First, in their motion for attorney's fees, defendants have already shown that at least three other provisions apply. Second, under the "American Rule," parties pay their own fees and costs unless a statute provides otherwise. Thus, to have a situation where a prevailing party cannot recover attorney's fees is not unusual.

We conclude that plaintiff's action was not "under ERISA by a participant, beneficiary, or fiduciary." Consequently, defendants are not entitled to attorney's fees.

IT IS, THEREFORE, HEREBY ORDERED that defendants' motion for this court to reevaluate our conclusion that defendants are not entitled to attorney's fees under *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) is DENIED.

IT IS FURTHER ORDERED that 29 U.S.C. § 1132(g)(1) does not apply in this case. Therefore, defendants' motion for attorney's fees (document # 35) is DENIED on all grounds.