The **TRANSITIONAL LEARNING COMMUNITY at Galveston**

v.

**METROPOLITAN LIFE INSURANCE COMPANY.**

**Civil Action No. G–95–017.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 16, 1996.

Tara Beth Annweiler, John A. Buckley, Jr., Greer Herz & Adams, Galveston, TX, for plaintiff.

James Lane Ware, Douglas W. Poole, McLeod Alexander Powel & Apffel, P.C., Galveston, TX, for defendant.

### ORDER

KENT, District Judge.

Plaintiff seeks damages, attorneys' fees, pre- and post-judgment interest, and costs

under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001–1461 (West 1985 & Supp.1995), for Defendant's failure to pay for services provided to Angela Sibley under her health insurance policy. Prior to Defendant's removal of the action to this Court, Plaintiff obtained a Default Judgment in State Court in the amount of fifty-four thousand, one hundred and two dollars and three cents ($54,102.03). Defendant thereafter filed a Motion to Set Aside the Default Judgment, which this Court denied in an Order entered on August 9, 1995. In a subsequent Order, which was entered on November 1, 1995, this Court reformed the Default Judgment to an amount of thirty-three thousand, seven hundred and sixteen dollars and eighty-eight cents ($33,716.88), excluding attorneys' fees and interest. Now before the Court are the parties' Motions for Summary Judgment on the issues of attorneys' fees and interest. Plaintiff's Motion is **GRANTED.** Defendant's Motion is **DENIED.**

### I. Attorneys' Fees

Plaintiff seeks a total of thirteen thousand, five hundred dollars ($13,500.00) in attorneys' fees for prosecution of its ERISA claims.[1] Defendant does not dispute Plaintiff's calculation of fees, which, in light of the evidence submitted, the Court finds to be reasonable under the standards stated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974). Defendant does, however, take issue with Plaintiff's entitlement to recover an award.

■ The Court begins its analysis by noting that all of Plaintiff's claims for relief, though stated in terms of state law, have in fact been brought under ERISA. 29 U.S.C.A. § 1144(a) (stating that ERISA broadly pre-empts all state law claims which "relate to any employee benefit plan"); *Hermann Hosp. v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988) (indicating the same); *see also Pilot Life Ins.*

*Co. v. Dedeaux,* 481 U.S. 41, 47–48, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1986) (discussing the meaning of "relate to" as used in 29 U.S.C.A. § 1144(a)); 29 U.S.C.A. § 1144(b) (listing the exceptions to ERISA's pre-emption provision, none of which apply to the case at bar). Under ERISA, the Court has discretion to award reasonable attorneys' fees to either party.[2] 29 U.S.C.A. § 1132(g); *Salley v. E.I. DuPont de Nemours & Co.,* 966 F.2d 1011, 1017 (5th Cir.1992) (stating that the decision whether to grant attorneys' fees under ERISA is reviewed under an "abuse of discretion" standard). The Court determines whether to award attorneys' fees by considering the following five factors: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980) (footnote omitted); *Todd v. AIG Life Ins. Co.,* 47 F.3d 1448, 1459 (5th Cir.1995) (stating that the determination of whether to grant attorneys' fees requires application of the factors listed in *Bowen* ). The relative weight accorded to each factor turns upon the circumstances surrounding the particular case. *See Bowen,* 624 F.2d at 1266.

■ The record fails to show that any of the first four factors listed in *Bowen* weigh significantly in favor of either granting or denying attorneys' fees. Nonetheless, consideration of the final factor, viewed in light of Defendant's initial refusal to pay Plaintiff the owing funds and subsequent failure to contest liability in a proper or reasonable

---

1. Plaintiff also submits estimates of certain fees which either may not or have not yet been incurred. The Court construes these representations as having been made solely for the sake of thoroughness, and not as requests for inclusion of the estimated fees in an award of attorneys' fees.

2. Defendant does not argue that it is not "a participant, beneficiary, or fiduciary" within the meaning of 29 U.S.C.A. § 1132(g).

manner, persuades this Court to award Plaintiff the requested attorneys' fees. None of the arguments advanced by Defendant undermines the Court's conviction.

First, Defendant argues generally that none of the five factors to be considered by the Court favor an award of attorneys' fees to Plaintiff. However, given Defendant's pathetic defense of this action until the recent appearance of its present, excellent counsel, it almost seems disingenuous to argue that "the relative merits of the parties' positions" does not weigh in favor of awarding attorneys' fees. Defendant vehemently maintains that it did not dispute liability, but the record indicates otherwise. The evidence submitted by Defendant to prove that it admitted liability prior to commencement of the action merely demonstrates that Defendant made a conditional admission, because the evidence consists of a written statement that Plaintiff's medical coverage is extended only "providing she/he continues to meet eligibility requirements." Although the entry of a Default Judgment normally would suggest that Defendant did not dispute liability, the contrary is indicated by Defendant's subsequent filing of an Answer in which the allegations establishing liability are denied.[3] Defendant also moved this Court to set aside the Default Judgment in its entirety, and only after this Motion was denied did Defendant request, in its Motion to Reform the Default Judgment, an alteration of the damage award in particular. Even in the Brief submitted by Defendant in connection with the instant Motions, Defendant continues to dispute liability by arguing that Plaintiff has failed to exhaust its administrative remedies and, therefore, that its Complaint ought to have been dismissed. The Court accordingly finds Defendant's characterization of its position as not disputing the issue of liability to be factually inaccurate. Consequently, the Court finds that Defendant's first argument lacks merit.

Second, Defendant argues that an award of attorneys' fees is inappropriate because the "filing of this lawsuit served no purpose except to waste this Court's time and money litigating an issue which [Defendant] did not dispute." Multiple considerations lead this Court to the conclusion that Defendant's assertion is again factually untrue. As explained above, Defendant certainly did dispute liability, albeit initially incompetently. Furthermore, Defendant overlooks the obvious significance to Plaintiff of having a Court Order in which liability is found in addition to having Defendant's conditional admission, upon which complete action has yet to be taken. The Court, therefore, concludes that Defendant's second argument is also without merit.

Third, Defendant argues that Plaintiff should not be awarded attorneys' fees because it failed to exhaust its administrative remedies. As stated by Defendant in its Brief, this argument most directly implicates the merits of the underlying claim. Without expressing an opinion as to the substantive validity of this argument, the Court simply notes that it has been made too late. Defendant had every opportunity to contest liability by timely filing an Answer in State Court, yet it did not. The validly entered Default Judgment, which resulted from Defendant's omission, constitutes the substantive resolution of Plaintiff's claims. The Court will not reconsider that resolution here. Accordingly, the exhaustion of administrative remedies by Plaintiff, or lack thereof, does not in the manner suggested by Defendant factor into the Court's decision to award attorneys' fees.

Finally, Defendant argues that attorneys' fees may not be awarded because the Complaint strictly states claims under state law. In sole support of this position, Defendant cites *McDorman v. Sierra Auto Ctr.*, 770 F.Supp. 551 (D.Nev.1991). Although *McDorman* is procedurally similar to the instant case in many respects, a crucial difference is that, unlike in the case at bar, no claims under ERISA were actually brought in *McDorman*. *See id.* at 552 (holding that ERISA pre-empted the plaintiff's state causes of action but that no cause of action was stated under ERISA). The reasoning of

---

3. The entry of a Default Judgment precludes the Answer from being of direct significance to the adjudication of this case, but, nonetheless, the Answer is indicative of the general stance espoused by Defendant in this litigation.

*McDorman*, therefore, does not apply to the present case.

■ As an alternative argument, Defendant maintains that the Court may only award attorneys' fees for work which specifically pertains to the ERISA claims. This Court's reading of the Complaint as seeking relief under ERISA based on the same factual occurrences purporting to support various state-law claims, however, compels the conclusion that the work pertaining to the ERISA claims and the state-law claims are, for all practical purposes, one in the same. Consequently, Plaintiff's statement of ERISA claims in terms of state law does not bear upon this Court's determination of attorneys' fees.

In sum, the Court concludes that it should award Plaintiff attorneys' fees in the amount requested. Consequently, Plaintiff's Motion for Summary Judgment is **GRANTED** on the issue of attorneys' fees, and Defendant's Motion is **DENIED** in this regard. Attorneys' fees are awarded in the amount of thirteen thousand, five hundred dollars ($13,500).

### III. Interest

#### A. *Pre-judgment Interest*

■ Federal law governs the issuance of pre-judgment interest for federal claims. *See In re Texas General Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir.1995). When pre-judgment interest is awarded, it serves the function of compensating the injured party for loss of funds. *E.g., City of Milwaukee v. National Gypsum Co.*, — U.S. —, — n. 7, 115 S.Ct. 2091, 2095 & n. 7, 132 L.Ed.2d 148 (1995). The availability of pre-judgment interest depends upon whether the statute creating the cause of action precludes such an award and, if not, whether allowance of pre-judgment interest furthers the policies underlying the statute. *Carpenters Dist. Council v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir.1994) (holding that section 1961, which creates a right to post-judgment interest, does not preclude awards

of pre-judgment interest), *cert. denied*, — U.S. —, 115 S.Ct. 933, 130 L.Ed.2d 879 (1995). Although the United States Court of Appeals for the Fifth Circuit has not yet reached a holding on the availability of pre-judgment interest under ERISA, the Court has indicated in dicta that pre-judgment interest may be awarded. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 n. 11 (5th Cir.1991). This Court follows the reasoning of *Hansen. See id.*

■ In situations permitting the award of pre-judgment interest, the decision whether to award pre-judgment interest lies within the discretion of the trial court. *In re Texas General Petroleum Corp.*, 52 F.3d at 1339. In the case at bar, Plaintiff has been denied access to funds owing by Defendant for a significant length of time. For this reason, the Court concludes that pre-judgment interest should be awarded to ensure full compensation of Plaintiff. Consequently, Plaintiff's Motion for Summary Judgment is **GRANTED** on the issue of pre-judgment interest, and Defendant's Motion is **DENIED** in this regard.

In calculating the amount of pre-judgment interest to be paid, the Court notes that under the invoices submitted for October of 1990, November of 1990, and January of 1991, the amounts due are, respectively: twelve thousand, seven hundred and forty-one dollars ($12,741.00); twelve thousand, three hundred and thirty dollars ($12,330.00); and six thousand, seven hundred and eighty-one dollars and fifty cents ($6,781.50).[4] *See* Kanewske Aff. ¶ 6. The aggregate interest to date on these amounts, calculated using an interest rate of six percent (6%) and compounding annually, *see generally Hansen*, 940 F.2d at 984 (stating that an ERISA action is "most akin to a contract action" and that "it is within the discretion of the district court to select an equitable rate of prejudgment interest"), equals eleven thousand, one hundred and ninety-four dollars and nine

---

**4.** These amounts, when added together, fall slightly short of the amount stated in the modified Default Judgment, which is agreed by the parties to be accurate. The Court can only surmise that the stated amount in part reflects compensation for the untimely tendering of certain payments by Defendant for other invoices. *See* Kanewske Aff. ¶ 6.

cents ($11,194.09).[5] The Court accordingly finds that this total is owing to Plaintiff in pre-judgment interest.

### B. *Post-judgment Interest*

■ Section 1961(a) provides, among other things, that "[i]nterest shall be allowed on any money judgment in a civil case." 28 U.S.C.A. § 1961(a) (West 1994). The award of post-judgment interest under this section is mandatory. *Id.* Consequently, the Court must **GRANT** Plaintiff's Motion insofar as it seeks post-judgment interest under section 1961 and **DENY** Defendant's Motion in this regard.

### IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **GRANTED.** Defendant's Motion for Summary Judgment is **DENIED.** Defendant is hereby **ORDERED** to pay Plaintiff, in addition to the amount owing for all underlying claims under the Order entered on November 1, 1995, the sum of thirteen thousand, five hundred dollars ($13,500) in attorneys' fees and the sum of eleven thousand, one hundred and ninety-four dollars and nine cents ($11,-194.09) in pre-judgment interest. Defendant is also **ORDERED** to pay Plaintiff post-judgment interest in accordance with 28 U.S.C.A. § 1961.

Each party is **ORDERED** to bear its own taxable costs and expenses incurred herein to date. The parties are further **ORDERED** to file nothing further on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

**5.** The interest for the October of 1990 invoice, which is sixty-three months past due, is four thousand, five hundred and sixty-five dollars and nine cents ($4,565.09). The interest for the November of 1990 invoice, which is sixty-two months past due, is four thousand, three hundred and thirty-five dollars and thirty-two cents ($4,335.32). The interest for the January of 1991 invoice, which is sixty months past due, is two thousand, two hundred and ninety-three dollars and sixty-eight cents ($2,293.68).