**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-40154
Summary Calendar
_____


THE TRANSITIONAL LEARNING CENTER AT GALVESTON,

Plaintiff-Appellee,

VERSUS

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(G-95-17)
_____
October 19, 1996


Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Metropolitan Life Insurance Company ("MetLife") appeals the award of attorneys' fees and prejudgment interest to the Transitional Learning Community at Galveston ("TLC") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 (West 1985 & Supp. 1995). We affirm in part and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacate and remand in part.

I.

TLC sued MetLife in state court in November 1994, alleging that MetLife had failed to reimburse TLC for various medical expenses incurred in connection with its treatment of Angela Sibley, a dependent of an insured under a MetLife medical insurance policy. MetLife removed this action to federal court on the same day that the state court, after MetLife had failed to appear, entered a default judgment on TLC's claims. The district court later reformed the state court judgment to reflect the parties' subsequent agreement to the proper amount of monies owed. Upon motion, the court awarded TLC attorneys' fees and pre- and post-judgment interest on the amount of the reformed judgment.

We address first MetLife's argument that this case should be dismissed because TLC failed to exhaust its administrative remedies under the ERISA-regulated plan prior to filing the instant action. According to MetLife, the disposition of the instant claim had been held up for over two years because TLC failed to provide a completed Statement of Continued Disability from the plan adminis-trator. Once TLC forwarded the completed statement to MetLife, the claim was settled promptly.

Although we agree with MetLife that TLC may have failed to exhaust its administrative remedies, we refuse to dismiss the instant action, as MetLife did not raise this objection timely.

2

When TLC filed its original action, MetLife had ample opportunity to raise its exhaustion defense, and we will not reward it for failing even to appear in that action. That MetLife chose not to answer TLC's complaint in state court, but rather compelled the state court to enter a default judgment against it, constituted waiver of its right to assert an exhaustion defense. The district court found, properly, that MetLife did not proffer any reasonable justification for its failure to appear in the state court action, and thus we do not believe that it is prejudiced unduly by its failure to assert its defenses timely.

MetLife correctly asserts that we have applied the exhaustion doctrine in suits arising under ERISA, *see Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir.), *cert. denied*, 510 U.S. 816 (1993), but we have never construed the doctrine strictly as a jurisdictional bar, *see id.* (noting that plaintiff did not exhaust her remedies because she had *never filed* a claim for the disputed sum); *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990) (noting that plaintiff did not exhaust her remedies because she had *failed to file any claim* for benefits with the insurer); *Meza v. General Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir. 1990)(noting that the plaintiff did not exhaust her remedies because she *never requested plan information or applied for benefits* prior to filing suit). Rather, we have held that sound public policy underlies the application of the doctrine to ERISA, *see id.* at 1279, and the same

3

applies in the instant case:  MetLife could have facilitated the prompt and efficient disposition of an ERISA claim by appearing in state court and raising its exhaustion defense in that forum.


## II.

MetLife next challenges the award of attorneys' fees.  We review this for abuse of discretion.  *See Ramsey v. Colonial Life Ins. Co. of Am.*, 12 F.3d 472, 480 (5th Cir. 1994).

After reviewing the five factors[1] used in this circuit, the district court concluded that

> [t]he record fails to show that any of the first four factors listed in *Bowen* weigh *significantly* in favor of either granting or denying attorneys' fees. Nonetheless, consideration of the final factor, viewed in light of Defendant's initial refusal to pay Plaintiff the owing funds and subsequent failure to contest liability in a proper or reasonable manner, persuades this Court to award Plaintiff the requested attorneys' fees.

913 F. Supp. 504, 506-07 (S.D. Tex. 1996) (emphasis added). MetLife interprets these sentences "clearly [to] state[]" that the court reached its decision "solely on the basis of the relative

---

[1] The five factors are:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other persons from acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980).

4

merits of the parties' positions." MetLife next protests that, because the court failed to assess the merits properly, the award should be reversed.

We disagree. As a preliminary matter, the district court did not state expressly that the first four factors were inapposite to the decision, but rather that none on its own *significantly* cut in favor of an award.

"[I]n light of Defendant's initial refusal to pay Plaintiff the owing funds and subsequent failure to contest liability in a proper or reasonable manner," 913 F. Supp. at 506-07, the court made plain that MetLife's culpability or bad faith (the first *Bowen* factor) became significant when considered along with the merits. That the court could have been more lucid in its explication of the *Bowen* factors is not reversible error as long as such factors guide the decision-making process. *See Harms v. Cavenham Forest Indus.*, 984 F.2d 686, 694 (5th Cir.)("No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g).")(citation omitted), *cert. denied*, 510 U.S. 944 (1993).

After reviewing the record with proper deference to the district court's findings, as required under our limited standard of review, we disagree with MetLife that the court abused its

5

discretion in awarding fees.[2]  The district court properly could have found that MetLife's refusal to reimburse TLC for its expenses more than two years after it incurred such expenses (settlement of which expenses was made promptly after TLC's filing of the instant action), coupled with its failure to appear in state court, and its continued contest of jurisdiction based on an exhaustion defense that could have been raised properly in the state court proceeding, supported an award of fees based upon *Bowen* factors (1) and (5).[3]

## III.

Finally, MetLife challenges the award and amount of prejudgment interest.  We review for abuse of discretion.  *See In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995).

MetLife's first argumentSSthat the district court erred in granting any prejudgment interestSSis without merit.  We have recognized previously that ERISA does not preclude the district court from awarding attorneys' fees and that an award of prejudg-

---

[2] We decline TLC's invitation to award attorneys' fees for its work incurred as part of this appeal.  Although we do not believe the district court abused its discretion in so awarding fees, we do not, on independent review of the recordSSi.e., where we are not bound by the deferential standard of review on appealSSfind that the *Bowen* factors counsel in favor of such an award.

[3] MetLife's citations to *Ramsey*, *Harms*, and *Hogan v. Kraft Foods*, 969 F.2d 142, 146 (5th Cir. 1992), are inapposite.  In each of these cases, we noted that *where there is a complete lack of any bad faith or culpability* on the part of the defendant, the deterrent purpose that the third *Bowen* factor purports to serve is inapplicable.  *Ramsey*, 12 F.3d at 480; *Harms*, 984 F.2d at 694 n.12; *Hogan*, 969 F.2d at 146.  As our discussion above notes, however, the record in the instant case reflects such evidence of bad faith or culpability.

6

ment interest under ERISA furthers the congressional purposes of the statute. *See Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991). Hence, the decision that fees were appropriate in the instant case is not an abuse of discretion.[4]

MetLife argues correctly, however, that under Texas law, which we consult for guidance in assessing prejudgment interest in ERISA claims, *see Hansen*, 940 F.2d at 984, prejudgment interest accrues only from the thirtieth day following the date upon which sums outstanding become "due and payable." *See* TEX. REV. CIV. STAT. ANN. art. 5069-1.03 (Vernon 1987). The district court failed to make a finding of the due and payable date for the outstanding charges, and we are unable to discern such from the record. Thus, although we affirm the award of prejudgment interest, we vacate the judgment and remand for a determination of when MetLife's obligation to pay TLC for the outstanding claims became due and payable.

AFFIRMED in part, VACATED and REMANDED in part.

---

[4] MetLife misreads *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1219 (8th Cir.), *cert. denied*, 454 U.S. 968 (1981), to disallow attorneys' fees where the defendant has not had use of the money during the course of the proceedings. *Dependahl* does not so require defendant's use of the money, but rather notes that such a factor counsels in favor of a court's award of "appropriate equitable relief" under ERISA. *Id.*

7