United States Court of Appeals,

Fifth Circuit.

No. 92–4154

Summary Calendar.

Jasper HOGAN, Plaintiff-Appellant,

v.

KRAFT FOODS, et al., Defendants,

Southwestern Life Insurance Co., Defendants-Appellees.

Aug. 21, 1992.

Appeal from the United States District Court For the Eastern District of Texas.

Before POLITZ, Chief Judge, KING and DEMOSS, Circuit Judges.

POLITZ, Chief Judge:

Jasper and Barbara Hogan appeal an adverse summary judgment rejecting their state law claims as preempted by ERISA and declaring their ERISA claims time-barred. For the following reasons we affirm.

Background

Jasper Hogan was employed at Anderson Clayton Foods, Inc. from March 1948 to January 1984. On November 1, 1983 the trustees of Anderson's Hourly Paid Employee Pension Plan purchased five annuity insurance policies from the appellee, Southwestern Life Insurance Company, to fund Hogan's accrued retirement benefits.

In both February and March of 1985 Hogan requested that Southwestern allow him to cash in or receive a lump sum payment on the five annuity insurance policies. In March of 1985 Southwestern denied those requests. Hogan then wrote letters to the State Board of Insurance and the Plan Administrator complaining of Southwestern's denial and of the fact that several co-employees had been allowed to cash in or receive a lump sum payment on their annuity policies.

Hogan and his wife sued Southwestern claiming that Hogan was entitled to cash in or receive a lump sum payment on the policies. Specifically, they alleged violations of 29 U.S.C. § 1001–1461 (ERISA), contending that Southwestern had denied their rights under the terms of the plan and had breached its fiduciary duties. In addition, they asserted various pendent state claims including breach of contract, violation of Tex.Ins.Code art. 21.21, violations of Tex.Bus. & Com.Code ann. § 17.50 ("DTPA"), breach of duty of good faith and fair dealing, negligence, and intentional infliction of emotional distress.

Southwestern moved for summary judgment. The district court granted the motion and dismissed the entire cause with prejudice, holding that the ERISA claims were barred by the applicable statute of limitations and that the state law claims were preempted by ERISA. The Hogans timely appealed.

Analysis

We review a summary judgment under the same rules that prevail in the district court, that is, "whether the pleadings, discovery, and affidavits, if any, show that there is no genuine issue as to any material fact, such that a moving party is entitled to judgment as a matter of law."[1] In making this assessment we examine the evidence in the light most favorable to the party opposing summary judgment.[2]

The Hogans insist that their state law claims affect the Pension Plan in only a tenuous or remote manner and are not preempted by ERISA. Further, they claim that the district court erred in determining that their ERISA claims were barred by limitations.

"ERISA applies to any "employee benefit plan' if that plan is established or maintained by any

[1]*Hansen v. Continental Ins. Co.,* 940 F.2d 971, 975 (5th Cir.1991).

[2]*Pfannstiel v. Marion,* 918 F.2d 1178 (5th Cir.1990).

employer or employee organization engaged in interstate commerce."[3]  According to section 514(a), the rights, regulations and remedies created by ERISA "supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan."[4]  The Supreme Court has adopted a broad construction of section 514(a), holding that "ERISA's civil enforcement remedies were intended to be exclusive" in order to prevent the remedies available to ERISA beneficiaries from being "supplemented or supplanted by varying state laws."[5]

Accordingly, "a state law "relates to' a benefit plan, "in the normal sense of the phrase, if it has a connection with or reference to such a plan' "[6]  The Hogans' state law claims for breach of contract, violations of Tex.Ins.Code art. 21.21, violations of Tex.Bus. & Com.Code ann. § 17.50 ("DTPA"), breach of duty of good faith and fair dealing, negligence, and intentional infliction of emotional distress, are all based on Southwestern's refusal to make a lump sum payment of benefits under the employee pension benefit plan.  These state law claims are analogous to those raised and found to have been preempted by ERISA in previous decisions.[7]  Further, none of their claims are protected under ERISA's savings clause which exempts from preemption "any law of any state which

---

[3]*Hansen,* 940 F.2d at 976 (citing 29 U.S.C. § 1003(a));  *Memorial Hospital System v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990).

[4]29 U.S.C. § 1144(a).

[5]*Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 1557–58, 95 L.Ed.2d 39 (1987).

[6]*Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)).

[7]*See, e.g., Ramirez v. Inter–Continental Hotels,* 890 F.2d 760 (5th Cir.1989) (ERISA preempts statutes such as Tex.Ins.Code art. 21.21 which provide an action for improper handling of insurance claims);  *Boren v. N.L. Industries, Inc.,* 889 F.2d 1463 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3283, 111 L.Ed.2d 792 (1990) (ERISA preempts Texas DTPA); *Hermann Hospital v. MEBA Medical & Ben. Plan,* 845 F.2d 1286 (5th Cir.1988) (ERISA preempts common law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract and fraud).

regulates insurance, banking, or securities."[8]  Thus, all of the state law claims against Southwestern

are preempted under ERISA.

Next, we consider whether the Hogan's ERISA claims are barred by the applicable statute

of limitations.  Section 413(a) provides uniform limitations for actions raising a breach of fiduciary

duty[9]—six years and three years—keyed respectively to the date the cause of action arose and the

date the plaintiff had actual notice.  ERISA does not provide a statute of limitations for a section

502(a)(1)(B) claim to enforce plan rights.[10]  We therefore apply the state statute of limitations most

analogous to the cause of action raised.[11]  Because the Hogans' claim involves the interpretation of

the annuity contract, it is measured against the four year Texas limitations statute governing suits

sounding in contract.[12]

The district court determined that the Hogans had actual notice of the alleged breach when

---

[8]29 U.S.C. § 1144(b)(2)(A).  *See e.g., Pilot Life,* 481 U.S. 41, 50, 107 S.Ct. 1549, 1554, 95 L.Ed.2d 39 (state law breach of contract and duty of good faith and fair dealing not saved); *Ramirez,* 890 at F.2d 763–64 (Tex.Ins.Code. art. 21.21 not saved); *McManus v. Travelers Health Network,* 742 F.Supp. 377 (W.D.Tex.1990) (Texas DTPA not saved); *Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d 387 (Tex.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2855, 115 L.Ed.2d 1023 (1991) (Texas DTPA not saved).

[9]In relevant part 29 U.S.C. § 1113 provides that:

> (a) No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation ... after the earlier of—
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation ... or
> >
> > (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced no later than six years after the date of discovery of such breach or violation.

[10]29 U.S.C. § 1132.

[11]*Kennedy v. Electricians Pension Plan, IBEW # 995,* 954 F.2d 1116 (5th Cir.1992).

[12]*See,* Tex.Civ.Prac. & Rem.Code § 16.004.

the claim for a lump sum payment under the annuity was denied in March 1985. Inasmuch as the instant suit was not filed until August 1989, the court found both ERISA claims time barred. The Hogans contend that a genuine issue of material fact exists about when they had actual knowledge. They also allege fraudulent concealment, therefore insisting that they are entitled to the six year time period provided under section 413(a). Their arguments are without merit.

An ERISA cause of action accrues when a request for benefits is denied.[13] The summary judgment evidence clearly establishes that the requested lump sum payment was denied in March 1985. The letters of complaint to the State Board of Insurance and to the Plan Administrator further evidence that the Hogans had actual knowledge of the facts giving rise to their causes of action more than four years before they filed suit. Both ERISA claims are time barred.

Further, we are not persuaded that the Hogans are entitled to the benefits of the six year statute of limitations provided for cases of fraud or concealment. To establish fraudulent concealment a party must show that the alleged wrongdoer had both actual knowledge that a wrong had occurred and a fixed purpose to conceal the wrong from the injured party.[14] The summary judgment record does not raise a fact issue of fraudulent concealment. The district court was not in error for so deciding.

Finally, Southwestern seeks an award of attorney's fees and expenses incurred on this appeal. ERISA section 502(g), applicable both to trials and appeals,[15] provides that "the court in its discretion" may allow reasonable fees and costs to either party.[16] In considering the application for

---

[13]*Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.,* 637 F.2d 357 (5th Cir.), *cert. denied,* 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981).

[14]*Dotson v. Alamo Funeral Home,* 577 S.W.2d 308 (Tex.Civ.App.—San Antonio 1979).

[15]*See Sims v. Great–West Life Assur. Co.,* 941 F.2d 368 (5th Cir.1991); *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986).

[16]29 U.S.C. § 1132(g).

fees we apply a five factor test and consider (1) the degree of bad faith or culpability of the losing party;  (2) the ability of such party to satisfy an award of fees;  (3) whether an award would deter other persons acting under similar circumstances;  (4) the amount of benefit to the action as conferred on the members of the plan;  and (5) the relative merits of the parties' positions.[17]

Applying these factors, we conclude that Southwestern is not entitled to attorney's fees and costs on appeal.  There was no showing of bad faith or culpability on the part of the Hogans and no deterrent effect would flow from such an award.  Although the Hogans' cause of action failed, this does not mean that the claim was totally without merit.

AFFIRMED.

---

[17]*Ironworkers Local No. 272 v. Bowen,* 624 F.2d 1255 (5th Cir.1980).  We are aware of the argument that this five factor test is inappropriate when the defendant is the prevailing party because the test includes factors less applicable to a defendant. *See Holder v. Prudential Ins. Co.,* 951 F.2d 89 (5th Cir.1992) (noting that Seventh Circuit applies a different test in ERISA suits). However, we are in agreement with the circuits that apply the five factor test regardless of which party prevails. *See e.g., Gray v. New England Tel. and Tel. Co.,* 792 F.2d 251 (1st Cir.1986); *Gordon v. United States Steel Corp.,* 724 F.2d 106 (10th Cir.1983);  *Sapper v. Lenco Blade, Inc.,* 704 F.2d 1069 (9th Cir.1983).  "Because it is not a rigid test, but rather provides general guidelines for the [court's] exercise of discretion, the five factor approach allows for award of fees to defendants in proper cases." *Gray,* 792 F.2d at 258.