Tom CHRISTENSON, et al., Plaintiffs,

v.

The MUTUAL LIFE INSURANCE
CO. OF NEW YORK, et al.,
Defendants.

Civil No. 3:96–CV–2721–H.

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 19, 1996.

**180**

Cynthia Anne Leiferman, Law Office of Cynthia A. Leiferman, Dallas, TX, for Plaintiffs.

John C. Wander, Vinson & Elkins, Dallas, TX, Douglas E. Hamel, and Dorene B. Cohen, Vinson & Elkins, Houston, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

SANDERS, Senior District Judge.

Before the Court is Defendants' Motion to Dismiss, filed October 9, 1996, seeking dismissal of Plaintiffs' state-law claims. Defendants Motion argues that all of Plaintiffs' state-law causes of action should be dismissed because they are preempted by ERISA. Plaintiffs' filed a Response on November 12, 1996, and Defendants' filed a Reply on December 6, 1996. On November 19, 1996, Plaintiffs were granted leave to amend their complaint to bring claims under the ADA, and to state an ERISA claim as an alternative to their contested state-law theories. Defendants' Motion to Dismiss does not address these recently added federal claims.

### I. Factual Background

Tom and Christina Christenson are the parents of Katherine Christenson, a totally disabled minor child who requires constant physical and mental health care. All three Christensons are Plaintiffs in this suit. The Defendants in this case are Christina Christenson's former employer, Mutual Life Insurance of New York ("MONY"), The Mutual Life Insurance of New York Insurance Plan for Field Underwriters ("MONY–Plan"), and AETNA Life Insurance.

Prior to 1993, Plaintiffs allege they were insured under a health insurance policy "issued, insured and/or administrated" by Defendants. This policy was obtained through MONY as Mrs. Christenson's employer. In March 1993, Plaintiffs' insurance was apparently terminated for reasons that are not completely clear. However, in the words of Plaintiffs' Amended Complaint, the Christensons "elected to continue health insurance coverage under COBRA for their daughter."

In 1995, Plaintiffs received a brochure describing basic coverages of their insurance. Plaintiffs allege that they chose to continue coverage based on the brochure's representation that the policy provided significant coverage for mental health care (70% for in-patient treatment; 50% for out-patient). In February 1996, Katherine Christenson began receiving psychotherapy and her parents submitted claims for coverage to Defendants. Defendants allegedly refused to provide benefits on the basis that the Christensons had no mental health coverage. After receiving a demand letter from Plaintiffs' counsel, MONY agreed to provide mental health benefits for Katherine through July 12, 1996. Apparently, Defendants also notified the Christensons that all insurance coverage for Katherine would terminate on August 27, 1996.

Plaintiffs originally sued Defendants in state court on a long list of common-law and statutory claims. Defendants subsequently removed to this Court. On this partial motion to dismiss, Defendants argue that all of Plaintiffs' state-law claims are preempted by ERISA and should be dismissed.

### II. Analysis

ERISA broadly preempts all state laws that "relate to" an "employee benefit plan," unless the state law is one that directly regulates the insurance industry. 29 U.S.C. §§ 1144(a), 1144(b)(2)(A).

In arguing against ERISA preemption, the Christensons make a three-pronged attack. First, they deny that their insurance policy was an "employee benefit plan" within the meaning of ERISA. Next, they argue that even if this was an ERISA policy, their state-law claims are not "related to" the benefit plan and thus are not preempted. Finally, the Christensons maintain that even if their

other claims are preempted, their statutory causes of action under the Texas Insurance Code are "saved" from preemption because that statute directly regulates the insurance industry.

### A. Was this Policy an "Employee Benefits Plan" Governed by ERISA?

■ The parties' pleadings and briefs do not make clear the exact circumstances under which the Christensons initially obtained insurance through MONY, although coverage was related to Christina Christenson's employment. Plaintiffs initially contend that Defendants, as the parties seeking application of ERISA, have failed to sufficiently plead or prove the existence of an ERISA plan. *See Hansen v. Continental Ins. Co.,* 940 F.2d 971, 977 (5th Cir.1991). It is true that Defendants have not separately pled the traditional elements of an ERISA plan. Instead, Defendants argue that Plaintiffs have effectively conceded existence of a plan by claiming to be "COBRA participants." *See* Amended Complaint at 3.

COBRA is the Consolidated Omnibus Budget Reconciliation Act of 1988. COBRA included amendments to ERISA designed to protect employees who lose their insurance coverage because of a "qualifying event" like job loss or hours reduction. Defendants point out that COBRA was designed to permit terminated employees to continue their coverage under the employer's ERISA plan until new insurance could be obtained. By its own terms, COBRA allows employees "who would lose coverage *under the plan* [for specified reasons] to elect ... continuation coverage *under the plan.*" 29 U.S.C. § 1161. Thus, Defendants argue, Plaintiffs' assertion of COBRA coverage presupposes the existence of, and Plaintiffs' participation in, a benefits plan governed by ERISA.

In light of the plain language of 29 U.S.C. § 1161, it seems clear that any continuation insurance coverage under COBRA is necessarily coverage under an ERISA plan. Therefore, because Plaintiffs themselves acknowledge that COBRA applies, the claimed coverage must involve an "employee benefits plan governed" by ERISA.

### B. Are Plaintiffs' State–Law Causes of Action Preempted by ERISA?

■ In their next line of attack, the Christensons argue that, assuming the existence of an ERISA plan, their state-law claims are not preempted because they do not "relate to" the plan. Plaintiffs' state-law causes of action are: breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, DTPA, promissory estoppel, negligence, gross negligence, and negligent misrepresentation. The common thread underlying all these claims is Defendants' alleged refusal to reimburse the Christensons for Katherine's psychotherapy after representing that the MONY–Plan provided mental health benefits.

Plaintiffs argue that their claims based on misrepresentation are not preempted since those claims do not concern Plan benefits, but rather seek redress for wrongful conduct that occurred before they enrolled in the MONY–Plan. Plaintiffs rely on a Sixth Circuit holding that fraudulent inducement claims are not preempted by ERISA because they arise independent of the benefits plan and before the individual enrolls. *Perry v. P\*I\*E Nationwide, Inc.,* 872 F.2d 157, 161 (6th Cir.1989), *cert. denied,* 493 U.S. 1093, 110 S.Ct. 1166, 107 L.Ed.2d 1068 (1990). The Fifth Circuit, however, takes a different position.

In *Hubbard v. Blue Cross & Blue Shield Ass'n,* 42 F.3d 942 (5th Cir.), *cert. denied* —— U.S. ——, 115 S.Ct. 2276, 132 L.Ed.2d 280 (1995), the Court held that a fraudulent inducement claim based on a misrepresentation of coverage guidelines was "related to" the ERISA plan and therefore preempted. Additionally, on facts very similar to this case, the Fifth Circuit has held that fraudulent inducement and tort claims growing out of a pre-enrollment misrepresentation of plan benefits are preempted by ERISA. *Perkins v. Time Ins. Co.,* 898 F.2d 470 (5th Cir.1990). *Perkins* involved an employee whose daughter suffered from congenital eye defects. Before enrolling in his employer's ERISA plan, Mr. Perkins specifically asked an insurance agent whether his daughter's condition would be covered. Though the agent represented that the eye defect would be covered

under the plan, Perkins' claims for reimbursement were later denied. Perkins sued the agent and the ERISA insurer for fraudulent inducement and tortious breach of contract under Mississippi law. Upholding the district court's dismissal of Perkins' state-law claims against the insurer, the Fifth Circuit stated that "it cannot be gainsaid that Perkins' claims . . . 'relate to' an employee benefits plan and thus fall within the scope of ERISA's preemption clause." *Id.* at 473.

Moreover, in factual contexts involving the payment and processing of claims, the Fifth Circuit has consistently held that most of the Texas-law causes of action asserted by the Christensons are preempted by ERISA. *Hogan v. Kraft Foods,* 969 F.2d 142, 144 (5th Cir.1992) (claims for breach of contract, breach of the duty of good faith and fair dealing, Texas Insurance Code art. 21.21, DTPA, and negligence); *Lee v. E.I. DuPont de Nemours & Co.,* 894 F.2d 755 (5th Cir. 1990) (claims for fraudulent inducement and negligent misrepresentation); *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209 (5th Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992) (claims for fraud, negligence, and gross negligence); *Degan v. Ford Motor Co.,* 869 F.2d 889, 895 (5th Cir.1989) ("claims of promissory estoppel are not cognizable in suits seeking to enforce rights" under ERISA plans). Although these cases primarily involve post-enrollment payment disputes rather than pre-enrollment misrepresentation, in light of *Perkins* this distinction is of little significance.

Finally, Plaintiffs contend that their state-law claims are not preempted because Plaintiffs are seeking to recover damages rather than benefits under the Plan. Since any recovery will not involve "benefits," Plaintiffs suggest, these claims do no "relate to" the Plan. The Fifth Circuit has on occasion based its finding of ERISA preemption on the fact that the sole recovery sought was Plan benefits. *E.g., Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1292–95 (5th Cir.1989). However, the Circuit has never held that in the absence of a claim for benefits there is no preemption. Again, the *Perkins* case is instructive. Though the Court did not dwell on this point, the recovery sought in *Perkins*

was compensatory and punitive damages, not unpaid benefits. *Perkins,* 898 F.2d at 472. The nature of the recovery did not prevent the Circuit from finding that Mr. Perkins' tort claims were preempted by ERISA. Therefore, Plaintiffs' attempted distinction between damages and benefits is unavailing.

In sum, under Fifth Circuit authority, all of the Christensons' state-law causes of action "relate to" an ERISA plan. Consequently, those claims are preempted unless they fall within ERISA's "savings clause."

*C. Does the ERISA "Savings Clause" Preserve Plaintiffs' Statutory Causes of Action?*

In a final effort to avoid preemption, Plaintiffs argue that their claims fall under the ERISA "savings clause." That clause preserves from preemption state laws that directly "regulate[ ] insurance." 29 U.S.C. § 1144(b)(2)(A). Plaintiffs concede that under established precedent most of their state-law claims are preempted and not within the savings clause. However, they urge the Court to find that their claims under the Texas Insurance Code are saved.

Plaintiffs raise two different claims under the Texas Insurance: 1) a claim under Article 21.21 for unfair or deceptive practices in the business of insurance; 2) a discrimination claim under Article 21.21–6 for refusing to insure or continue to insure because of a disability.

■ The Fifth Circuit has repeatedly held that suits under Article 21.21 for unfair trade practices are preempted by ERISA. *Hogan v. Kraft Foods,* 969 F.2d 142, 144 (5th Cir. 1992); *Ramirez v. Inter–Continental Hotels,* 890 F.2d 760, 763 (5th Cir.1989). These authorities control here. Therefore, the Christensons' Art. 21.21 claims for deceptive trade practices are not saved by 29 U.S.C. § 1144(b)(2)(A).

■ By contrast, it appears that no court has ever specifically considered whether Article 21.21–6, which prohibits discrimination in the provision of insurance, is preempted by ERISA. A state law is saved from preemption if it directly regulates the business of insurance. To determine whether a state law regulates insurance, the Court

must consider three factors: 1) whether the practice at issue has the effect of transferring or spreading a policyholder's risk; 2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and 3) whether the practice is limited to entities within the insurance industry. *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449, 1453 (5th Cir.1991) (citing *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 743, 105 S.Ct. 2380, 2391, 85 L.Ed.2d 728 (1985)). All three of these factors tend to indicate that Art. 21.21–6 is a statute which directly regulates insurance: prohibiting discrimination in insurance does spread a policyholder's risk; nondiscrimination is at the heart of the insurer-insured relationship; and the statute is specifically limited to the insurance industry. Applying this test, the Court concludes that the Christensons' statutory claim under Article 21.21–6 is not preempted by ERISA and should not be dismissed.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** with respect to all of Plaintiffs' state-law claims *except* their claim under Texas Insurance Code Article 21.21–6. As to the latter claim, the Motion to Dismiss is **DENIED.**

SO ORDERED.