**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20562
Summary Calendar

NICK DIMINICO,

Plaintiff-Appellant,

versus

LEHMAN BROTHERS, INC., formerly
known as Shearson Lehman Brothers, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(H-95-CV-1057)

April 25, 1997

Before POLITZ, Chief Judge, DUHÉ and STEWART, Circuit Judges.

POLITZ, Chief Judge:[*]

Nick Diminico worked as a stockbroker in the Houston, Texas office of

Lehman Brothers, formerly Shearson Lehman Brothers, and was fully vested in his

employer's Executive and Select Employees Deferred Compensation Plan (ESEP).

On several occasions Diminico borrowed money from his employer and the loans

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

were consolidated into one promissory note. On April 2, 1992 Diminico's attorney requested payment of his ESEP funds by April 7, 1992. The following day Diminico resigned. In response Lehman Brothers applied the ESEP funds in payment of Diminico's debt and the remainder of the funds were seized by the IRS for past due taxes.

In June 1994 Diminico filed a federal court action against Lehman Brothers alleging state law claims based on the disposition of the ESEP funds. This litigation was dismissed without prejudice for want of prosecution. Diminico refiled in state court in February 1995, alleging violations of the Employee Retirement Income Security Act (ERISA). Lehman Brothers removed to federal court and moved to dismiss or, in the alternative, to compel arbitration. Lehman Brothers maintained that the statute of limitations barred the ERISA claim and that the deferred compensation fund contract contained an arbitration clause.

Noting that the action was the same as that previously dismissed, the district court dismissed it without a hearing. A panel of this court vacated and on remand the trial court held a hearing on the motion to dismiss. The court concluded that the state law claim most closely analogous to Diminico's cause of action is conversion, subject to a two-year limitations period. Noting that the first suit in June 1994 was filed more than two years after the April 1992 demand for payment,

the trial court dismissed the action as time-barred and Diminico timely appealed.

Analysis

We review *de novo* the trial court's legal conclusion that Diminico's claim is barred by the statute of limitations.  The asserted claim is based on section 502(a)(1)(B) of ERISA[1] which permits a plan participant to recover certain benefits.  The parties appropriately agree that ERISA preempts any state law claim.  Because ERISA does not contain a limitations provision we look to state law and apply the limitations period for the cause of action most closely analogous to the claim at bar.[2]  In this instance we apply Texas law, mindful that an ERISA cause of action accrues when a demand for benefits is denied.[3]

The trial court concluded that Diminico's claim is most closely analogous to common law conversion.  Under Texas law, conversion is the unauthorized assumption and exercise of control over the property of another to the exclusion of the owner.[4]  Money may be converted only if identified as a specific chattel.[5]  An

---

[1] 29 U.S.C. § 1132(a)(1)(B).

[2] **Hogan v. Kraft Foods**, 969 F.2d 142 (5th Cir. 1992).

[3] **Id.**

[4] **Edlund v. Bounds**, 842 S.W.2d 719 (Tex.App. - 1992, writ denied).

[5] **Gronberg v. York**, 568 S.W.2d 139 (Tex.App. - 1978, writ ref'd n.r.e.).

3

action for conversion may lie when "money is (1) delivered for safe keeping; (2) intended to be kept segregated; (3) substantially in the form in which it is received or an intact fund; and (4) not the subject of a title claim by the keeper."[6] An action for conversion cannot lie, however, when the amount is ascertainable but there is no "obligation to return specific money" and the debt may be discharged by the payment of money generally.[7]

Lehman Brothers maintains that Diminico's benefit funds meet the foregoing criteria because his accounts were separate and distinct and could be identified as a specific chattel. The language of the deferred compensation plan drafted by Shearson Lehman Brothers belies this assertion. Diminico's ESEP contract provides that "the amounts credited to the deferred compensation account hereunder shall be dealt with in all respects as capital of Shearson, shall be subject to the risks of the business, and may be deposited in an account or accounts in Shearson's name in any bank or trust company." This clause makes abundantly manifest that Diminico's money was not segregated and cannot be considered specific chattel for the purposes of conversion. The court erred in applying the

---

[6] **Edlund** at 727.

[7] **Gronberg** at 144.

4

two-year statute of limitations for conversions.[8]

Diminico contends that his claims against Lehman Brothers are more analogous to breach of contract, which is subject to a four-year statute of limitations.[9] We agree. In doing so we necessarily express no opinion on the merits of Diminico's claim.

We VACATE and REMAND for further proceedings consistent herewith.

---

[8] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West Supp. 1996).

[9] TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West 1986).