**Lionel Gary ST. JULIAN**

v.

**TRUSTEES OF THE AGREEMENT OF TRUST FOR MARITIME ASSOCIATION—I.L.A. PENSION PLAN, Maritime Association—I.L.A. Pension Plan, and Shirley H. Hunt.**

No. Civ.A. G–97–538.

United States District Court, S.D. Texas, Galveston Division.

March 19, 1998.

Peggy S. Bittick, Pearland, TX, for Plaintiff.

James Patrick Cooney, Royston Rayzor Vickery & Williams, Houston, TX, for Defendants.

### *ORDER GRANTING SUMMARY JUDGMENT*

KENT, District Judge.

Plaintiff Lionel Gary St. Julian brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Plaintiff has also alleged federal common law causes of action for breach of contract and tort. Now before the Court is Defendants' Motion for Summary Judgment, filed January 13, 1998. For the reasons stated below, the Motion is **GRANTED.**

### I. FACTUAL BACKGROUND

St. Julian was a longshoreman from 1965 through 1989 who participated in the Maritime Association's I.L.A. Pension Plan (the "Plan"). St. Julian alleges that he began suffering from heart and lung conditions in 1989, which rendered him disabled. He applied for a disability pension under the Plan in October of 1990, based on his alleged disability. At the time he applied for disability benefits, Plaintiff was fifty-six years old.

Plaintiff alleges that both his own doctor and the doctor to whom he was referred by the Maritime Association concluded that he was permanently unable to work due to his disabilities.

On January 24, 1991, the Plan Administrator, Defendant Shirley Hunt, informed St. Julian that his application for disability pension benefits was denied. The reason for the denial was that St. Julian did "not meet the total and permanent disability qualifications" because he had indicated that he eventually planned to return to active employment. The letter informed him, however, that he met age and service requirements for an age pension benefit. Again on February 22, 1991, Defendants informed St. Julian that he was eligible for age pension benefits, and sent him his first check for such benefits on March 6, 1991. One week later, St. Julian returned the check in order to appeal his denial of disability benefits.

St. Julian appealed the denial, contending that although he did casually state to Ms. Hunt that he would like to be able to return to work, the reality was that he would never be able to work again because of his medical conditions. On April 17, 1991, the appeal was presented to the Board of Trustees for the Maritime Association's Plan ("Trustees"). On May 1, 1991, St. Julian was informed by letter that the Trustees affirmed the denial of disability benefits because he met age and service requirements for the age pension benefit. The Trustees did not determine whether St. Julian was totally and permanently disabled, because the age benefits are equal in amount to the disability benefits. The Trustees claim that their policy is to award age pension benefits if the applicant qualifies for both age and disability benefits.

Plaintiff filed this action on September 11, 1997, claiming that Defendants wrongfully denied him disability benefits under the terms of the Plan. Plaintiff's claim is not that he would receive more income with disability benefits; rather, the crux of his complaint, and the reason he filed this lawsuit, is that terming the benefits "disability" rather than "age" would allow him additional benefits. For example, if St. Julian were receiving disability benefits, he would be credited with seniority in the International Longshoremen's Association, and would be entitled to receive service credits in the union and container royalty payments in the West Gulf Maritime Association program. These added benefits are not available to him if he receives retirement pension benefits. St. Julian also claims that the alleged policy of the Trustees to award age over disability benefits where the applicant qualifies for both was not in effect in 1991, when he applied for benefits.

Plaintiff has remained unemployed since his application for disability pension benefits, and has never accepted any retirement pension benefits under the Plan.

## II. ANALYSIS

Plaintiff's Original Complaint sets forth seven theories of recovery: (1) recovery of benefits and enforcement of his rights under 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty under 29 U.S.C. § 1132(a)(2); (3) equitable relief under 29 U.S.C. § 1132(a)(3); (4) interference with his ERISA rights under 29 U.S.C. § 1140; (5) federal common law breach of written contract; (6) federal common law breach of oral or implied contract; (7) federal common law promissory estoppel and misrepresentation. As discussed below, each of his causes of action is barred by the applicable statute of limitations.

### A. *Statute of Limitations for ERISA Actions*

First, Plaintiff brings claims of ERISA violations under 29 U.S.C. § 1132. ERISA does not provide its own statute of limitations for section 1132 claims. Therefore, the Court must look to analogous state law statutes of limitations for the applicable time limit. *See Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir.1992); *Kennedy v. Electricians Pension Plan, IBEW No. 995*, 954 F.2d 1116, 1120 (5th Cir.1992); *see also DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983) (where a federal cause of action fails to supply an express statute of limitations, "Congress intended that the courts apply the most closely analogous statute of limitations under state law").

■ Plaintiff's claim for recovery of benefits and equitable relief under 29 U.S.C. § 1132(a)(1) is based on alleged violations of the terms of the disability Plan under which Plaintiff was covered. Claims under section 1132(a)(1) sound in contract, and are governed by the applicable state statute of limitations for breach of contract actions: in Texas, four (4) years. *See Hogan,* 969 F.2d at 145; TEX.CIV.PROC. & REM.CODE ANN. § 16.004 (Vernon 1986); *see also Flanagan v. Inland Empire Elec. Workers Pension Plan & Trust,* 3 F.3d 1246, 1252 (9th Cir.1993) (noting that every Circuit considering the issue has held that the state statute limiting contract actions applies to actions enforcing rights and benefits under ERISA).

■ Plaintiff's second and third claims are predicated upon an alleged breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2) and 1140. ERISA does provide an express statute of limitations for actions brought regarding "a fiduciary's breach of any responsibility, duty, or obligation." 29 U.S.C. § 1113. For such actions, ERISA provides that the limitations period is the earlier of six (6) years after the date of the last action which constituted a part of the breach or violation, or three (3) years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. *Id.* Under this provision, the maximum time allowed under any scenario is six years.[1]

■ The fourth claim in the Original Complaint alleges a violation of 29 U.S.C. § 1140. That section provides relief for persons who have been discriminated against or otherwise aggrieved in retaliation for exercising certain rights or for giving information or testifying in ERISA-related matters. The most analogous state limitations period is the two-year limitations period for employment discrimination.[2] *See McClure v. Zoecon, Inc.,* 936 F.2d 777, 778 (5th Cir.1991).

■ Quite simply, "[a]n ERISA cause of action accrues when a request for benefits is denied." *See Hogan,* 969 F.2d at 145. Furthermore, a person has actual knowledge of a breach or violation when he is informed of the allegedly improper denial of benefits. In this case, Ms. Hunt, the Plan Administrator, informed St. Julian on January 24, 1991 that his application for disability benefits had been denied. After he appealed the decision, he was informed once again, on May 1, 1991, that he would not receive disability benefits. Therefore, at the very latest, Plaintiff had actual knowledge of the alleged ERISA violation as of May 1, 1991. The longest conceivable limitations period for any of Plaintiff's ERISA claims is six years under 29 U.S.C. § 1113 for his breach of fiduciary claim, although the three-year period under that section is more appropriate because the Court has found that Plaintiff had actual knowledge of the alleged violations in May of 1991. However, even giving Plaintiff the benefit of the doubt, his claims are barred under any limitations period. His cause of action accrued on May 1, 1991. Because he filed this suit over six years later, on September 11, 1997, all of his ERISA claims are time-barred.

Plaintiff's only argument in response to the Defendant's contentions that his claims are time-barred is that the notice of denial of benefits he received did not comply with ERISA's requirements set forth in 29 U.S.C. § 1133. That section imposes certain requirements upon the administrators of employee benefit plans, requiring specific information to be provided with the notice of denial. It does not specify the requirements

---

1. The three-year/six-year limitations period in § 1113 applies to actions "under this part," meaning Part 4 of ERISA, which does not include actions under § 1132(a)(1)(B). *See Johnson v. State Mut. Life Assurance Co. of America,* 942 F.2d 1260, 1262 (8th Cir.1991). Although Plaintiff couches his breach of fiduciary action as a claim under 29 U.S.C. § 1132(a)(2), that provision merely provides that a civil action may be brought under 29 U.S.C. § 1109, for breach of fiduciary duty. That section is included in Part 4, to which § 1113 applies. Therefore, Plaintiff's second cause of action is governed by the statute of limitations period in § 1113.

2. Notwithstanding the statute of limitations bar, Plaintiff's fourth claim must be dismissed on the merits. Nowhere does plaintiff allege that he was discriminated against in retaliation for exercising any rights; he merely alleges that he was discriminated against. Therefore, as a matter of law, Plaintiff has failed to state a cause of action under 29 U.S.C. § 1140.

that must be met before a cause of action is triggered. Plaintiff's argument is completely illogical. Basically, Plaintiff argues that because the Plan's denial letter did not comply with ERISA, no cause of action accrued under ERISA. Under Plaintiff's own argument, his cause of action never arose. Plaintiff's obtuse reasoning does not alter the facts: he had actual knowledge of the alleged ERISA violations when he received a letter informing him of the Trustees' denial of his appeal. The statute of limitations was triggered at that time. The fact that the denial letter may not have complied with ERISA's requirements merely provided him with another perceived ERISA cause of action.

### B. *Statute of Limitations for Common Law Causes of Action*

 Plaintiff also alleges three federal common law causes of action for breach of written contract, breach of oral or implied contract, and promissory estoppel and misrepresentation. Again, the Texas statute of limitations for actions sounding in contract is four years. The residual limitations period, which covers actions for promissory estoppel and misrepresentation, is also four years. *See* TEX.CIV.PRAC. & REM.CODE § 16.051 (Vernon 1997). Therefore, Plaintiff's common law causes of action are also barred by the statute of limitations.

### III. CONCLUSION

In sum, all of Plaintiff's claims are time-barred, under each and every applicable statute of limitations. While the Court occasionally makes concessions where it is questionable whether the limitations period has run, or where the infraction was minor, this case does not present such facts. If Plaintiff was so aggrieved by the denial of his disability benefits, the Court is amazed that he waited for longer than six years before filing his suit. His filing does not even meet the most expansive limitations period that could possibly be applied in this case. Accordingly, Defendants' Motion for Summary Judgment is hereby **GRANTED,** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. It is also **ORDERED** that the parties file nothing further in this matter, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**