IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50334
Summary Calendar
_____

GWENDOLYN GOODMAN,

Plaintiff-Appellant,

versus

LIFE INSURANCE COMPANY OF NORTH AMERICA;
MARS, INC.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-245
--------------------
December 15, 2000

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Gwendolyn Goodman appeals from the summary judgment for the defendants in her action pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* She contends that the four-year limitations period was tolled by her mental condition. She states that denial of access to state court is a state-law constitutional issue and that federal courts may fashion equitable-tolling provisions when appropriate.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas's four-year statute of limitations for contractual actions applied to Goodman's case. *See Hogan v. Kraft Foods*, 969 F.2d 142, 145 (5th Cir. 1992). Absent tolling, the limitations period began to run on January 24, 1995, when her claim for benefits was denied. *See id.*

Goodman bore the burden of showing that there was a genuine issue of material fact that the limitations period was tolled. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Rotella v. Pederson*, 144 F.3d 892, 894-95 (5th Cir. 1998). In Texas, when a person is of unsound mind at the time her cause of action accrues, the applicable statute of limitations will be tolled until the disability is removed. TEX. CIV. PRAC. & REM. CODE ANN. § 16.001 (Vernon Supp. 2000); *Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987). In this context, a plaintiff suffers from an unsound mind if her mental condition renders her unable to manage her affairs or comprehend her legal rights, *id.* at 336, and the plaintiff must offer proof "that she did not have the mental capacity to pursue litigation for a definite period of time, or produce a fact-based expert opinion to that effect." *Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. App.–Austin 1999, pet. denied).

The evidence submitted by Goodman in support of her tolling argument contained conclusory statements of her physician and her attorney regarding her disability and its effect; the evidence was unsupported by any medical records or detailed explanations that might have supported the opinions of the physician and the attorney. Goodman's evidence was insufficient to defeat the

summary-judgment motion. *See Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 331 (5th Cir. 1998) ("[A]n expert affidavit must include materials on which the expert based his opinion, as well as an indication of the reasoning process underlying the opinion."); *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) ("[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment."); *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (stating that affidavits asserting ultimate or conclusory facts or legal conclusions will not defeat a summary judgment motion).

Goodman does not present her state-law constitutional and equitable-tolling arguments beyond merely listing them. By failing to provide any legal argument on these issues, she has abandoned those issues. *See Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996).

AFFIRMED.