Linda S. Wernery, Washington, DC, Thomas Ward Hussey, Director, Janice Kay Redfern, John Ashcroft, pro se, Washington, DC, Caryl G. Thompson, New Orleans, LA, for Respondent.

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM.*

 Rebecca Ansah petitions for review of the Board of Immigration Appeals' decision affirming the immigration judge's determination that Ansah could not demonstrate good moral character required for cancellation of removal under 8 U.S.C. § 1229b(b). Ansah argues that her false assertions on her written naturalization application do not preclude a showing of good moral character. Ansah is correct. *See* 8 U.S.C. § 1101(f)(6); *Kungys v. United States*, 485 U.S. 759, 780, 108 S.Ct. 1537, 99 L.Ed.2d 839 (1988). However, by orally testifying under oath before an immigration officer that the answers contained in her naturalization application were true, Ansah prevented a showing of good moral character required for cancellation of removal. *See Kungys*, 485 U.S. at 780.

 Ansah also argues that her false testimony was a mistake and made without

the intent to deceive. The immigration judge found that Ansah lacked credibility regarding this assertion. This determination was based on the judge's finding that Ansah knew that had she disclosed her fraudulent marriage to the interviewing officer, her naturalization application would be denied. When Ansah was asked if the reason that she lied was to avoid the denial of the application, Ansah did not deny it; instead, she equivocated and admitted that she "should have told the truth" at the hearing. The evidence thus supports the judge's finding that Ansah told the lie with an intent to obtain naturalization benefits. The record does not compel a conclusion contrary to that made by the immigration judge. *See Carbajal–Gonzalez v. I.N.S.*, 78 F.3d 194, 197 (5th Cir.1996); *Chun v. I.N.S.*, 40 F.3d 76, 78–79 (5th Cir.1994). Accordingly, the petition for review is DENIED.

**Joy Mumford ACOSTA,**
**Plaintiff–Appellee,**

v.

**BANK OF LOUISIANA;**
**et al., Defendants,**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**Bank of Louisiana, Defendant–Appellant.**

No. 03–30621

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 9, 2004.

Matthew F. Block, Thibodaux, LA, for Plaintiff–Appellee.

Henry L. Klein, Klein Daigle, New Orleans, LA, for Defendant–Appellant.

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

The judgment is affirmed for the following reasons:

1. The district court concluded that the de novo standard of review applied to this ERISA case, even though the Deferred Compensation Agreement in issue (the plan) gave the employer Bank of Louisiana (Bank), through its board, sole discretion to interpret the agreement. Ordinarily, such discretion in an ERISA plan would subject the plan administrator's decision to abuse of discretion review. *See Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir.1998). The district court, however, reasoned that the trust law principles which give rise to the abuse of discretion standard are inapplicable because

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the plan in issue is a "top hat" plan which is not subject to ERISA's fiduciary responsibility provisions, *see* 29 U.S.C. § 1101(a)(1), and therefore the de novo standard should apply. We need not decide this issue, because we conclude that even under the more deferential abuse of discretion standard the Bank's denial of benefits cannot stand. We note that the district court likewise concluded that "even if it reviewed the plan administrator's decision under an abuse of discretion standard, the result would be the same."

■ 2. "Eligibility for benefits under any ERISA plan is governed in the first instance by the plain meaning of the plan language." *Threadgill*, 145 F.3d at 292. The parties stipulated that the Bank assumed all liabilities under the plan when Bank of the South was merged into the Bank. The plan unambiguously gave Ray Acosta a right to receive "$200,000 payable in 120 equal installments." As explained further by the district court, under the plain terms of the plan the Bank could not rescind this entitlement to retirement compensation, since Acosta had more than ten years of service. The board abused its discretion in denying Acosta's request for benefits. "Clearly, if an administrator interprets an ERISA plan in a manner that directly contradicts the plain meaning of the plan language, the administrator has abused his discretion even if there is neither evidence of bad faith nor of a violation of any relevant regulations." *Gosselink v. Am. Tel. & Tel., Inc.*, 272 F.3d 722, 727 (5th Cir.2001).

■ 3. The district court's analysis of the remaining issues of prescription, laches and exhaustion is entirely correct. Acosta's claim is not barred by prescription. Our court has repeatedly held that an ERISA cause of action does not accrue until a request for benefits is denied. *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230 (5th Cir.1997); *Hogan v. Kraft Foods*, 969

F.2d 142, 145 (5th Cir.1992); *Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc.*, 637 F.2d 357, 361 (5th Cir.1981).

AFFIRMED.