United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-30621
Summary Calendar
_____

JOY MUMFORD ACOSTA,

                                        Plaintiff-Appellee,

versus

BANK OF LOUISIANA; ET AL.,

                                        Defendants,

BANK OF LOUISIANA,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(USDC No. 01-CV-2194-J)
_____

Before REAVLEY, JONES AND PRADO, Circuit Judges.

PER CURIAM:[*]

    The judgment is affirmed for the following reasons:

---

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The district court concluded that the de novo standard of review applied to this ERISA case, even though the Deferred Compensation Agreement in issue (the plan) gave the employer Bank of Louisiana (Bank), through its board, sole discretion to interpret the agreement. Ordinarily, such discretion in an ERISA plan would subject the plan administrator's decision to abuse of discretion review. See Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). The district court, however, reasoned that the trust law principles which give rise to the abuse of discretion standard are inapplicable because the plan in issue is a "top hat" plan which is not subject to ERISA's fiduciary responsibility provisions, see 29 U.S.C. § 1101(a)(1), and therefore the de novo standard should apply. We need not decide this issue, because we conclude that even under the more deferential abuse of discretion standard the Bank's denial of benefits cannot stand. We note that the district court likewise concluded that "even if it reviewed the plan administrator's decision under an abuse of discretion standard, the result would be the same."

2. "Eligibility for benefits under any ERISA plan is governed in the first instance by the plain meaning of the plan language." Threadgill, 145 F.3d at 292. The parties stipulated that the Bank assumed all liabilities under the plan when Bank of the South was merged into the Bank. The plan unambiguously gave Ray Acosta a right to receive "$200,000 payable in 120 equal installments." As explained further by the district court, under the plain terms of the plan the Bank could not rescind this entitlement to retirement compensation, since Acosta had more than ten years of service. The board abused its

2

discretion in denying Acosta's request for benefits. "Clearly, if an administrator interprets an ERISA plan in a manner that directly contradicts the plain meaning of the plan language, the administrator has abused his discretion even if there is neither evidence of bad faith nor of a violation of any relevant regulations." Gosselink v. Am. Tel. & Tel., Inc., 272 F.3d 722, 727 (5th Cir. 2001).

3. The district court's analysis of the remaining issues of prescription, laches and exhaustion is entirely correct. Acosta's claim is not barred by prescription. Our court has repeatedly held that an ERISA cause of action does not accrue until a request for benefits is denied. Hall v. Nat'l Gypsum Co., 105 F.3d 225, 230 (5th Cir. 1997); Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir. 1992); Paris v. Profit Sharing Plan for Employees of Howard B. Wolf, Inc., 637 F.2d 357, 361 (5th Cir. 1981).

AFFIRMED.