Shefton GORDON, Plaintiff-Appellee,

v.

UNITED STATES STEEL CORPORATION, Defendant-Appellant,

United States Steel and Carnegie Pension Fund, Defendants.

No. 81–2511.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1983.

Craig M. Peterson, Littlefield, Cook & Peterson, Salt Lake City, Utah, and Frank E. Moss, Stefan M. Lopatkiewicz of Schnader, Harrison, Segal & Lewis, Washington, D.C., for plaintiff-appellee.

James T. Carney, Pittsburgh, Pa., for defendant-appellant.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

United States Steel Corporation and the United States Steel and Carnegie Pension Fund (Appellants) appeal from a minute order entered by the federal district court denying their motion for attorney's fees and costs under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(g) [recodified, as amended, at 29 U.S.C. § 1132(g)(1) (Supp. V 1981)].

Shefton Gordon (Gordon), a retiree of the U.S. Steel Corporation, brought the original action under ERISA, 29 U.S.C. §§ 1001 *et seq.*, and under the laws of Utah seeking to prohibit the appellants from deducting from his non-contributory pension benefits an amount, otherwise payable to Gordon, equal to the black lung benefits paid to him pursuant to the Black Lung Benefits Act, 30

U.S.C. §§ 901 *et seq.*[1] Gordon alleged that, by offsetting these benefits, the appellants violated (1) the provisions of the U.S. Steel Corporation Pension Plan, and (2) section 203(a) of ERISA which provides that an employee's rights to his normal retirement benefit is nonforfeitable.

Gordon moved for summary judgment on both counts; appellants filed a cross-motion for summary judgment on both counts alleging, *inter alia,* that (1) under the U.S. Steel Corporation Pension Rules, Gordon was required to submit his contractual claim to binding arbitration if he was dissatisfied with the outcome of an appeal to an administrative official within the Fund, and (2) section 203(a) of ERISA did not prohibit this "offset" scheme. The district court granted the appellants' motion regarding the section 1053(a) claim and required Gordon to submit his contractual claim to binding arbitration.[2] Subsequently, both parties filed motions for attorney's fees and costs;[3] the district court denied both motions. The sole issue presented on appeal is whether the district court abused its discretion by denying the appellants' motion for attorney's fees.[4]

29 U.S.C. § 1132(g)(1) provides in pertinent part:

> In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Clearly, it is within the district court's sound discretion to determine whether a party is entitled to attorney's fees as the result of an action brought under ERISA. Further, the granting of attorney's fees under ERISA is not to be done as a "matter of course," but is discretionary in nature. *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1265–66 (5th Cir.1980) [court distinguished the award of attorney's fees under ERISA from that provided for under section 204(b) of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b)]; *Fase v. Seafarers Welfare and Pension Plan,* 589 F.2d 112, 116 (2d Cir.1978). Thus, our standard for review is whether the district court "abused its discretion" by its ruling on the motion. *Hummell v. S.E. Rykoff & Co.,* 634 F.2d 446, 452 (9th Cir.1980); *Landro v. Glendenning Motorways, Inc.,* 625 F.2d 1344, 1356 (8th Cir.1980); *Iron Workers, supra* at 1266.

To hold that the district court abused its discretion, we must have a definite conviction that the court, upon weighing relevant factors, clearly erred in its judgment. *Hummell, supra* [citing *Pue v. Sillas,* 632 F.2d 74, 78 (9th Cir.1980)]. However, the district court issued only a minute order without discussion. To effectively review its decision under the above-mentioned standard, we must be aware of the reasons why the district court decided as it did. *See Hummell, supra; Iron Workers, supra.* We must, therefore, remand to the district court with instruction that the court state the reasons for denying the appellants' motion for attorney's fees.

To effectively exercise its discretion under section 1132(g)(1), the district court should have guidelines to apply. Apparent-

---

**1.** Initially, Gordon notified the Fund of his intent to appeal its decision regarding the amount of pension benefits he was entitled to and of his request for arbitration. Instead of following this administrative procedure, however, he filed this lawsuit. *See Brief for Appellants* at 6.

**2.** The district court agreed with Gordon that it would be a futile act to submit his claim to the internal grievance procedure mandated by the pension rules. Thus, because Gordon may submit his claim to an impartial arbitrator agreeable to both parties, the court allowed him to proceed directly to that step. *See R.* at p. 56.

**3.** The appellants sought attorney's fees in the amount of $7,302.50 and costs in the amount of $2,005.18. These totals were computed by reference to the hours spent by all of the appellants' attorneys on the entire case. Gordon sought attorney's fees in the amount of $4,247.00, to cover his opposition to the appellants' motion for change of venue. *See Brief for Appellee* at 3–4; R. at pp. 60–81.

**4.** Gordon does not appeal the district court's order because he believes the court "acted within its discretion in denying both parties' motions for fees." *Brief for Appellee* at 3–4.

ly, there has been some dispute regarding the intention of a portion of our holding in *Eaves v. Penn,* 587 F.2d 453 (10th Cir.1978). The appellants contend that the five-prong criteria we elicited in *Eaves* was not established as general criteria to be used in determining whether attorney's fees are awardable, but only as criteria to use in determining whether the fees to be awarded are done so against the Plan fund or against the offending party personally.[5] *See Brief for Appellants* at 11. Gordon essentially agrees with the appellants. He urges, however, that the *Eaves* criteria are applicable to any case, such as this, where an attempt is made to award fees against a party personally. *See Brief for Appellee* at 11–12.

██ The *Eaves* criteria is an effective means of providing the guidance needed by district courts to exercise their discretion under section 1132(g)(1). Thus, we hold that when determining whether to award attorney's fees under section 1132(g)(1), the district court should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *See Hummell, supra* at 453; *Iron Workers, supra; Eaves, supra* at 465.

WE REMAND with instruction that the district court express its reasons for denying appellants' motion for attorney's fees.

---

**5.** In *Eaves,* the district court had awarded attorney's fees to the successful plaintiffs (plan participants) to be recovered from the Plan assets. As we noted in our opinion, such a procedure is called the "common fund" theory. In that particular case, therefore, we were con-fronted with the question whether the district court erred by awarding fees under the "common fund" theory or whether it should have issued the award against the offending fiduciary personally. *See Eaves v. Penn,* 587 F.2d 453, 464–65 (10th Cir.1978).