931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Harold SAGE, Georgianna Wong, Lonnie Lawton, Mae Dyer,
Dianne Berroth, Jean Alden, Richard Dominguez,
Plaintiffs-Appellants-Cross-Appellees,
v.
AUTOMATION, INCORPORATED PENSION PLAN AND TRUST,
Defendant-Appellee-Cross-Appellant,
and
Automation, Incorporated Profit Sharing Plan and Trust,
Harold M. Goodman, as Trustee of Automation, Incorporated
Profit Sharing Plan and Trust, Harold M. Goodman,
individually, Janice M. Finley, as member of Advisory
Committee of Automation, Incorporated Pension Plan and
Trust, Janice M. Finley, as member of Advisory Committee of
Automation, Incorporated Profit Sharing Plan and Trust,
Harold M. Goodman, as member of Advisory Committee of
Automation, Incorporated Profit Sharing Plan and Trust,
Automation, Incorporated a Kansas corporation, Defendants-Appellees.
 Nos. 90-3043, 90-3059.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1991.
 
 Before STEPHEN H. ANDERSON and TACHA, Circuit Judges, and KANE,* District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 These appeals arise from the district court's award of attorney's fees, imposed against defendant Automation, Incorporated Pension Plan and Trust (Trust), pursuant to 29 U.S.C. Sec. 1132(g)(1). Plaintiffs prevailed on one of several claims, asserted under the Employees Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001-1461, challenging the denial of plaintiffs' claims for benefits. Section 1132(g)(1) provides, in pertinent part, that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."
 
 
 3
 In appeal No. 90-3043, plaintiffs assert two arguments challenging the fee award: 1) the district court erred in refusing to impose the fee award against the defendant trustee personally; and 2) the district court's fee award was inadequate. The Trust, in its cross-appeal, No. 90-3059, asserts that the district court abused its discretion in awarding plaintiffs attorney's fees.
 
 
 4
 In determining whether an award of attorney's fees is appropriate and, if so, against whom that award should be imposed, the district court is to consider, among other factors, the following:
 
 
 5
 (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 6
 Gordon v. U.S. Steel Corp., 724 F.2d 106, 109 (10th Cir.1983) (determining whether award of fees appropriate); see also Eaves v. Penn, 587 F.2d 453, 465 (10th Cir.1978) (using same factors in determining proper party against whom to impose fee award).
 
 
 7
 This court reviews a district court's fee determination made under section 1132(g)(1) for an abuse of discretion and will overturn that determination only if this court has "a definite conviction that the [district] court, upon weighing relevant factors, clearly erred in its judgment." Gordon, 724 F.2d at 108. An award of attorney's fees under section 1132(g)(1) "is not to be done as a 'matter of course,' but is discretionary in nature." Id.
 
 
 8
 To review effectively the district court's fee determination, however, we must be aware of the reasons the district court ruled as it did. Id. The record fails to indicate the extent to which the district court considered these factors before awarding plaintiffs attorney's fees and imposing the fee award against the Trust. We, therefore, remand these causes to the district court for the provision of an explanation of the fee award in light of these five factors. See Pratt v. Petroleum Prod. Management, Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 664 (10th Cir.1990); Gordon, 724 F.2d at 108-09.
 
 
 9
 The judgment of the United States District Court for the District of Kansas is VACATED, and these causes are REMANDED to the district court for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3