**Harold SAGE, Georgianna Wong, Lonnie Lawton, Mae Dyer, Dianne Berroth, Jean Alden, Richard Dominguez, Plaintiffs,**

v.

**AUTOMATION, INCORPORATED PENSION PLAN AND TRUST, Automation, Incorporated Profit Sharing Plan and Trust, Harold M. Goodman, as Trustee of Automation, Incorporated Profit Sharing Plan and Trust, Harold M.**

---

Goodman, Individually; Janice M. Finley, as Member of Advisory Committee of Automation, Incorporated Pension Plan and Trust, Harold M. Goodman, as Member of Advisory Committee, of Automation, Incorporated Pension Plan and Trust, Harold M. Goodman, as Member of Advisory Committee, of Automation, Incorporated Profit Sharing Plan and Trust, and Automation, Incorporated, a Kansas Corporation, Defendants.

Civ. A. No. 80–4127–S.

United States District Court,
D. Kansas.

Oct. 17, 1991.

Jay W. Vander Velde, Atherton & Vander Velde, Emporia, Kan., Donna M. Dill, Field, Gentry, Benjamin & Robertson, Overland Park, Kan., Henry L. Hiebert, Topeka, Kan., for plaintiffs.

Robin G. Maxon, Gary D. McCallister, Davis, Wright, Unrein, Hummer & McCallister, Kevin L. Diehl, Eugene B. Ralston & Associates, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on remand from the Tenth Circuit Court of Appeals to make specific findings on whether attorney's fees should be imposed personally against defendant Harold Goodman ("defendant Goodman") as trustee of defendant Automation, Incorporated Pension Plan and Trust ("the Plan"), under 29 U.S.C. § 1132(g)(1). Plaintiffs prevailed on the issue of defendants' failure to provide an adequate claims review procedure for ERISA qualified pension plans.

This court subsequently assessed attorney's fees in favor of the plaintiffs and against the defendants. However, the court assessed its award of attorney's fees against the pension plan, rather than awarding fees personally against the trustee, defendant Goodman.

This case was remanded for consideration of various factors set forth in *Gordon v. United States Steel,* 724 F.2d 106, 109 (10th Cir.1983) which are relevant when determining whether to assess attorney's fees against the Plan or against the offending parties personally. *Eaves v. Penn,* 587 F.2d 453, 465 (10th Cir.1978). Specifically, this court was directed to make findings upon consideration of the following factors:

(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Sage v. Automation, Inc. Pension Plan & Trust,* 931 F.2d 900 (10th Cir.1991) (Table, Text in Westlaw, No. 90–3043, 90–3059) (citing *Gordon,* 724 F.2d at 109).

Upon consideration of the facts of this case and the specific factors set out in *Gordon* and *Eaves*, the court makes the following findings of fact. The court finds that attorney's fees should not be imposed personally against the pension plan trustee, defendant Goodman. First, the court finds that in assessing the degree of culpability of the opposing parties, while defendant Goodman did breach his fiduciary duty to provide a claims review procedure, defendant Goodman's culpability is low. The court bases this finding upon the fact that, even though no clear system of review was provided in the Plan, the plaintiffs were given notice of the denial of their claims, and the bases of the denial. Further, the plaintiffs were afforded an opportunity to voice their objections and to make their positions known to the trustee. Finally, the court has consistently held that defendant Goodman acted in good faith at all times. Thus, the court finds that consideration of the parties' culpability weighs in favor of not imposing attorney's fees against defendant Goodman.

Second, the court finds that the pension plan does not have the ability to satisfy an award of attorney's fees, as it has been terminated. *See* plaintiffs' supplement to motion for order and judgment in accordance with the Tenth Circuit remand, exhibit A (Doc. 143). Conversely, defendant Goodman does have the ability to satisfy an award of attorney's fees. *Id.* No evidence has been offered in regard to whether plaintiffs have the ability to satisfy an award of attorney's fees. However, plaintiffs' attorneys were retained on a contingency fee basis. This fact gives rise to the inference that plaintiffs could not afford to pay attorney's fees. This factor weighs in favor of assessing fees against defendant Goodman personally.

Third, in assessing the deterrent effect that such an award of attorney's fees would have had in preventing similar violations of fiduciary duties, the court finds that the imposition of attorney's fees against defendant Goodman would have a deterrent effect. Such an award would reinforce the obligation to provide a procedure for reviewing the denial of claims.

However, the court further finds that since the occurrence of the conduct complained of in this case, a detailed regulatory framework has been promulgated which prescribes what type of review satisfies ERISA's procedural requirements as mandated by 29 U.S.C. §§ 1132 and 1133. *See* 29 C.F.R. § 2560.503–(1)(f)(1) through (4). Thus, deterrence of the trustee's conduct in this case is accomplished by subsequent adoption of ERISA's regulations. Accordingly, deterrence of defendant Goodman's conduct does not weigh in favor of the personal imposition of attorney's fees because such deterrence is now accomplished by the regulatory framework.

Fourth, whether the plaintiffs sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA does not weigh in favor of imposing an award of fees personally against defendant Goodman. Initially, the court finds that the plaintiffs did not seek to benefit all participants and beneficiaries of the Plan. Rather, this court finds that this dispute may be properly characterized as one between the plaintiffs and the remaining Plan participants. If plaintiffs prevailed on their claim that partial termination had occurred, then the remaining Plan participants would suffer. In this regard, the trustee was placed in the difficult position of representing both the departing participants and the remaining participants. Thus, the court finds the plaintiffs did not confer a benefit on the members of the Plan as a whole. Further, the court finds that this dispute involved a question of first impression, namely whether partial termination occurs when participants voluntarily leave their employment. The court finds that because plaintiffs' case involved substantive questions of first impression, an assessment against defendant Goodman is not warranted. *See e.g., Air Line Pilots Ass'n. Int'l. v. United Air Lines,* 663 F.Supp. 281, 282 (N.D.Ill. 1987).

Finally, the court finds that in assessing the relative merits of the parties' arguments, both the plaintiffs' and defendants' positions had merit with respect to the sub-

stantive issues, namely partial termination. Indeed, defendant Goodman's position on the substantive issue of partial termination ultimately prevailed. In view of the fact that plaintiffs would have incurred the same litigation expenses even if an effective claims review procedure had been in place at the time of the denial of their claims, the court finds that this factor weighs in favor of not imposing attorney's fees against defendant Goodman. Accordingly, the court finds that attorney's fees should not be imposed personally against defendant Harold M. Goodman.[1]

IT IS SO ORDERED.

---

1. To the extent that this court's ruling is inconsistent with its previous order in which it assessed attorney's fees against the Plan, the court finds that upon further reflection this is not a proper case for the assessment of attorney's fees against either the Plan or defendant Goodman.