GREAT–WEST LIFE & ANNUITY
INSURANCE COMPANY,
Plaintiff,

v.

Kent CLINGENPEEL and Terri Clingenpeel, Individually and on Behalf of Amber Clingenpeel, a minor child, and Ashley Clingenpeel, a minor child, Defendants.

No. CIV–97–1186–A.

United States District Court,
W.D. Oklahoma.

March 4, 1998.

---

Mark D Spencer, McAfee & Taft, Oklahoma City, OK, Thomas H. Lawrence, Ogletree Deabins Nash Smoak & Stewart, Nashville, TN, for Plaintiff.

Paul K. Woodward, James F. Long, Traynor Long & Wynne, Enid, Rex K. Travis, Margaret E. Travis, Oklahoma City, OK, for Defendants.

## ORDER

ALLEY, District Judge.

In accordance with this Court's November 13, 1997 Order, the parties have submitted briefs in support of their calculation for reasonable attorneys' fees in the instant case. Further, plaintiff has filed a cross-motion for attorneys' fees and/or set-off regarding fees incurred in seeking reimbursement for the Health and Welfare Plan for Employees of Ward Petroleum (the "Plan"), to which defendants have replied.[1]

Plaintiff, the Plan's third-party administrator, brought this action under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001–1461 ("ERISA"), to enforce the subrogation/reimbursement terms of the Plan. Plaintiff is a fiduciary of the Plan. Defendants were injured in an automobile accident caused by a third party. Defendants incurred $640,105.38 in medical and hospital bills. Defendant Kent Clingenpeel, as an employee of Ward Petroleum Corporation ("Ward"), was covered by the Plan. The remaining defendants were covered as dependents under the Plan. The Plan is a self-funded employee welfare benefit plan. The Plan disbursed $640,105.38 to defendants to cover their medical expenses. Through a state court settlement, defendants obtained a $1,850,000 award against the tortfeasors.

This Court found that the Plan was entitled to reimbursement for the medical expenses. Further, the Court found that under the common fund rule, defendants are enti-

---

1. The results of the instant case also resolve the issues of the removed companion case *Clingen-* *peel, et al. v. Morris Oil Field Services, Inc., et al.,* —— F.Supp. ——, CIV–97–1190–A (W.D.Okla.).

tled to offset the amount of reimbursement by an amount of reasonable attorneys' fees and costs. The Court directed the parties to brief the issue of reasonable attorneys' fees and costs incurred in obtaining the state court settlement. The reasonableness of the requested attorneys' fees and method of their calculation are disputed by the parties.

### Common Fund Rule

■ The common fund rule permits a party who creates, preserves or increases the value of a fund to be reimbursed for litigation expenses incurred. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). The rationale behind the rule is that failure to share in the costs of litigation will cause one party to be unjustly enriched. *Brown v. Phillips Petroleum Co.,* 838 F.2d 451, 454 (10th Cir.), *cert. denied,* 488 U.S. 822, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988).

■ Plaintiff contends that the Court should utilize the lodestar calculation method in making its attorneys' fee determination as in *Waller v. Hormel Foods Corp.,* 120 F.3d 138, 141 (8th Cir.1997). Although this Court cited *Waller* in its prior order, the Court cited the Eighth Circuit's rationale for the position that the common fund rule would apply even if the Court recognized the make whole doctrine in ERISA cases, not that the lodestar calculation is appropriate in this case. The Tenth Circuit Court of Appeals has recognized the common fund rule's application in certain ERISA cases. *Gordon v. U.S. Steel Corp.,* 724 F.2d 106 (10th Cir. 1983); *Eaves v. Penn,* 587 F.2d 453, 464–65 (10th Cir.1978).

The Tenth Circuit Court of Appeals has found that either the lodestar method or the percentage method of calculation is appropriate in common fund cases. *Gottlieb v. Barry,* 43 F.3d 474, 483 (10th Cir.1994). Although either method is appropriate, this Circuit prefers the use of a percentage calculation in common fund cases. *Gottlieb v. Barry,* 43 F.3d at 483. Both methods require consideration of the following factors described in *Brown v. Phillips Petroleum Co.,* 838 F.2d at 454:(1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the requisite skill to properly perform the legal service, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) any time limitations imposed by the client or circumstance, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See also Rosenbaum v. MacAllister,* 64 F.3d 1439, 1445 (10th Cir.1995). The Court must determine if the attorneys' fee is reasonable under the above factors. *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849, 853 (10th Cir.1993). Rarely are all of the *Brown* factors applicable in common fund cases. *Id.* at 854.

Typically 25% of the common fund is the "benchmark" attorney fee which can be adjusted in special circumstances. *Gottlieb v. Barry,* 43 F.3d at 487 (holding 22.5% well within range of permissible reasonable fee awards); *Brown v. Phillips Petroleum Co. .,* 838 F.2d at 456 (16.5% of the common fund where factors considered is reasonable). Adjustment is permitted where the award is too small or too large in light of the hours devoted to the case or other relevant factors. *Gottlieb v. Barry,* 43 F.3d at 487(*citing Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir.1993), *cert. denied,* 512 U.S. 1220, 114 S.Ct. 2707, 129 L.Ed.2d 834 (1994)).

### Attorneys' Fees

■ In its prior Order, the Court found that $640,105.38 of the $1,850,000 Settlement was recovered for plaintiff's benefit. This figure represents 35% of the total recovery ($640,105.38 divided by $1,850,000 = .35). Defendants make a weak attempt at comparing their case with the *Brown* factors, stating that the Court should summarily grant 35% of the common fund, or $164.062.92, in attorneys' fees and expenses deducted from plaintiff's reimbursement award of $640,105.38. Out of the $1,850,000 settlement, counsel for defendants received $462,500 pursuant to a 25% contingency fee, and expended $6,251.19 in costs. Counsel for defendants support their request for an attorneys' fee award by

affidavit of counsel affiliated with the state court case. These counsel affirm that the 25% award of attorneys' fee in the case was highly appropriate and may have actually been below the market rate of 30%. Further, affiliated counsel state that counsel for defendants were highly competent to handle the case and were required to research and argue an issue of whether the tortfeasor's vehicle was covered by the insurance policy.

Counsel for defendants provide a time sheet and rate for co-counsel in the state court case, but fail to submit any time sheets for Rex K. Travis and Margaret E. Travis. Mr. and Ms. Travis claim that it would be impossible to submit such a report as time sheets were not maintained in this contingency fee case. Mr. and Ms. Travis do not even attempt to submit an affidavit approximating the time expended in this action.[2] The party seeking an award of attorneys' fees has the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This includes maintaining billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id.* A court may make a reduction in the award to achieve a reasonable number so long as there is sufficient reason. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203, (10th Cir.1986). Failure to keep contemporaneous time records is one reason for a reduction. *Hensley*, 461 U.S. at 438 n. 13.

In its response to defendants' request for attorneys' fees, plaintiff emphasizes defendants' lack of support for their attorneys' fees. Defendants chose not to address this meritorious issue in their reply. Rather, defendants focused on plaintiff's inability to receive an offset of attorneys' fees because it is not a fiduciary under 29 U.S. § 1132(g).

Thus, defendants have waived their right to supplement support for their astronomical attorneys' fee claim.

Taking defense counsel's arguments as true, they would have had to have worked 3,083 hours at $150 per hour to meet the $462,500 fee they obtained in state court. At forty hours per week, defendants would have had to have worked solidly on this case for approximately 19 months and three weeks to bill this amount. Defense counsel note that co-counsel for the Clingenpeels expended approximately 350 hours in this case, totaling $51,083.13. Defense counsel attach billing statements substantiating co-counsel's time and expenses. Defense counsel do not indicate what additional work they performed or what duplicative work was performed. Defense counsel assert that the *Brown* factors are satisfied; however, defendants recognize that several of the factors are inapplicable. Although defense counsel claim the factors are inapplicable, the Court finds the factors weigh against the reasonableness of the requested fee.

The first *Brown* factor is the time and labor required. Defense counsel have wholly failed to establish how many hours they expended in this action. The state court action was settled prior to trial. Co-counsel's records reflect time expended between June 1996 and August 1997. Most of this time was spent in telephone conferences and reviewing letters. Very few pleadings or research material appear to have been compiled. Much of the research time was spent regarding the federal action. Defendants entered into the contingency fee agreement in July of 1996 and the state court approved settlement in July, 1997.

The second and third factors are the requisite skill and the novelty of the issues involved. Affidavit of affiliated counsel in-

---

**2.** Mr. and Ms. Travis argue that the state court undoubtedly considered the amount of work involved in this case when approving the attorneys' fee award because state courts analyze the *Brown* factors. However, there is no indication that Mr. and Ms. Travis submitted evidence of the amount of work involved in the case for the state court's determination. Thus, it is difficult to determine how the state court analyzed these factors for purposes of a common fund analysis.

Moreover, the case settled prior to trial. Presumably, the trial court's involvement was limited to the approval of the settlement and establishment of a trust for the award to the minor children. Moreover, the state court award of attorneys' fees does not estop plaintiff from challenging the reasonableness of those fees. *See e.g. F.D.I.C. v. Hulsey*, 22 F.3d 1472, 1489 (10th Cir.1994).

dicate the issues were novel and difficult because the issue revolved around whether the truck involved in the wreck was a motor vehicle covered by the policy. Further, these counsel indicate that defense counsel have excellent reputations and experience in such a case.

Defense counsel misconstrue the issue of whether they were precluded from other employment. The issue is whether the amount of time spent handling defendants' case precluded them from taking on additional cases and clients. The Court assumes defense counsel was able to maintain other clients during the pendency of the state court action.

The customary fee in contingency cases is between 25% and 30%. This case was based upon a contingency fee award. Defense counsel claim no time limits were imposed by the court or clients. The amount involved, $1,850,000, was significant and defense counsel were successful in obtaining nearly the full amount of policy coverage.

There is no allegation that the case itself was undesirable, particularly in light of a potentially large contingency fee. Defense counsel did not assert the nature or length of their relationship with the parties. Awards in similar cases are approximately 25% to 30% of the recovery when based upon a contingency fee.

■ Because defense counsel had several opportunities to substantiate their requested fee and have wholly failed to do so, the Court finds a reduction in their fee is warranted. Although contingency fees are used in personal injury actions and defense counsel were successful in their results, the case settled prior to trial. Defense counsel seek a 35% common fund award. The average benchmark is 25% of the common fund. Because defense counsel have failed to substantiate their fees, the Court reduces the benchmark to 20% of the common fund or $92,500 ($462,-500 × .20 = $92,500). *See e.g. Hensley,* 461 U.S. at 438.

Although defense counsel claim $6,251.19 in expenses, they provide no support or itemization of expenses. The state trial court merely indicated defendants had incurred $6,251.19 in expenses without explanation. Accordingly, this Court declines to award 20% of the expenses.

## Offset Award

■ Counsel for plaintiff asserts that any attorney fee awarded to defendants should be offset by $28,872.30. Defendants do not challenge the reasonableness of this amount as attorneys' fees or expenses. Rather, defendants assert that plaintiff is not entitled to an offset because it is not a fiduciary in accordance with 29 U.S .C. § 1132(g). A court has discretion to award "a reasonable attorney's fee and costs of action to either party" in an action filed by a plan participant, beneficiary or fiduciary. Plaintiff is a Plan fiduciary. Moreover, the companion case is a removed action from the state court which was originally brought by defendants as beneficiaries of the Plan. *See Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 753 n. 2 (10th Cir.1991). In exercising its discretion, a court should consider: (1) the degree of the opposing parties' bad faith or culpability; (2) the ability of the opposing parties to satisfy an award of attorney fees; (3) the deterrence value of an award of attorney fees; (4) whether the parties requesting fees sought to benefit all plan participants or to resolve a significant legal question regarding COBRA/ERISA; and (5) the relative merits of the parties position. *Gordon v. United States Steel Corp.,* 724 F.2d at 109.

Both parties claim the other is acting in bad faith. However, the Court noted in its November 13, 1997 Order that both parties had arguable merit in their positions. Thus, neither party is considered to have brought or defended this action in bad faith. Second, both parties are capable of satisfying the award of attorneys' fees and offset. Plaintiff is recovering over $640,105 for the Plan without suing the tortfeasors for the recovery. Defendants have recovered $1,850,00 in settlement of their claims, $462,500 of which expended in attorneys' fees. It is unlikely parties will be deterred from seeking recovery from tortfeasors merely because they are required to reimburse a medical plan for covered expenses. Moreover, because the attorneys' fee should be deducted from the amount paid to plaintiff in reimbursement, the individuals are not required to pay twice for attorneys' fees.

The award of attorneys' fees benefits all Plan participants because the Plan is fully

reimbursed and resolves a significant legal question regarding whether the Plan is entitled to recovery. The merits of both parties' positions were meritorious. The Court finds the award of attorneys' fees and offset is appropriate in the instant case. Because defendants did not challenge the reasonableness of plaintiff's requested attorneys' fees or expenses, the Court has applied the entire amount against the fee awarded to defendants, totalling $63,627.70 ($92,500—$28,872.30 = $63,627.70).

## Conclusion

Defendants' motion for attorneys' fees and costs is DENIED IN PART and GRANTED IN PART. Defendants are awarded 20% of the common fund excluding expenses, or $92,500. In all other respects defendants' motion is denied. Plaintiff's cross-motion for attorneys' fees and costs is DENIED IN PART and GRANTED IN PART. Plaintiff is entitled to an offset of attorneys' fee in the amount of $28,872.30, resulting in a reimbursement of $63,627.70 to the common fund. In all other respects, plaintiff's cross-motion is DENIED. Defendants are directed to reimburse the Plan in the amount of $576,477.68 ($640,105.38 less $63,627.70 = $576,477.68).