FILED
United States Court of Appeals
Tenth Circuit

December 22, 2014

Elisabeth A. Shumaker
Clerk of Court

TRUSTEES OF THE EIGHTH
DISTRICT ELECTRICAL
PENSION FUND;
INTERNATIONAL
BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL
354,

     Plaintiffs–Appellants,

v.

WASATCH FRONT ELECTRICAL
AND CONSTRUCTION, LLC;
LARSEN ELECTRIC, LLC;
SCOTT R. LARSEN, individually;
LARSEN ELECTRIC OF
NEVADA, LLC,

     Defendants–Appellees.

No. 13-4093
(D.C. No. 2:09-CV-00632-CW)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **GORSUCH**, **SEYMOUR**, and **BACHARACH**, Circuit Judges.

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But, the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

This appeal is brought by a union (International Brotherhood of Electrical Works, Local 354) and trustees of a pension fund (Eighth District Electrical Pension Fund). In district court, the union and trustees claimed that three electrical companies (Wasatch Front Electric and Construction, LLC; Larsen Electric of Nevada, LLC;[1] and Larsen Electric, LLC) and one of their owners (Mr. Scott Larsen) had failed to make payments required under collective bargaining agreements and the Employee Retirement Income Security Act of 1974.

The district court granted summary judgment to the electric companies and Mr. Larsen, holding that the claims were precluded by res judicata because of a prior suit brought by the union. The trustees and the union appealed the summary judgment ruling, but did so out of time. Thus, we lack jurisdiction over this part of the appeal.

The district court also granted $134,078.90 in costs and attorneys' fees to the electric companies and Mr. Larsen. The union and the trustees

---

[1] In their notice of appeal, the union and trustees included Larsen Electric of Nevada, LLC as an appellee. But, in their appeal briefs, the union and trustees omitted any reference to Larsen Electric of Nevada, LLC. The omission appears to be inadvertent, and the appellees treated Larsen Electric of Nevada, LLC as one of the electric companies situated identically with the other two.

2

argue that the court should not have assessed any attorneys' fees.[2]  The

defendants concede the union's challenge, but not the trustees'.  We reject

the trustees' challenge, holding that the district court acted in its discretion

to award fees.

## I.    The Summary Judgment Ruling:  Timeliness of the Appeal

Though the parties do not question jurisdiction, we must always

assure ourselves of our jurisdiction.  *Weber v. GE Grp. Life Assur. Co.*,

541 F.3d 1002, 1009 (10th Cir. 2008).  The timely filing of a notice of

appeal is jurisdictional.  *Ray Haluch Gravel Co. v. Centr. Pension Fund of

Int'l Union of Operating Eng'rs & Participating Emp'rs*, __ U.S. __, 134 S.

Ct. 773, 779 (2014).  In this appeal, the trustees and the union argue that

the district court erred by holding that the claims are precluded by res

judicata.  The appeal on this issue was not timely filed; thus, we lack

jurisdiction over the appeal of the summary judgment ruling.

The notice of appeal was due 30 days from the entry of judgment.

Fed. R. App. P. 4(a)(1)(A).  The trustees and the union filed the notice of

appeal over a year after the entry of judgment.  Thus, the appeal was late.

The trustees and the union argue that the appeal deadline was

extended by the electric companies and Mr. Larsen's filing of a motion for

---

[2]    The trustees and the union do not challenge the award of costs (apart
from the award of attorneys' fees).

attorneys' fees, characterizing the motion as one to alter or amend the judgment under Fed. R. Civ. P. 59. We disagree.

The trustees and the union rely on Fed. R. App. P. 4(a)(4)(A)(iv), which provides that "[i]f a party timely files in the district court [a motion to alter or amend the judgment under Rule 59], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." According to the trustees and the union, the motion for attorneys' fees should qualify as a Rule 59 motion because the electric companies and Mr. Larsen were trying to alter the judgment by broadening it. This argument has two steps:

1. The district court had limited the judgment on withdrawal liability to the pension fund.

2. The electric companies and Mr. Larsen wanted this judgment to run against the union as well as the pension fund.

The district court properly rejected this argument.

The electric companies and Mr. Larsen said nothing to suggest that they were wanting to amend the judgment. To the contrary, the filing of a motion for a fee award shows that the electric companies and Mr. Larsen viewed the judgment as a complete win.

The trustees and the union argue that under 29 U.S.C. § 1381(a), unions are not allowed to assert a withdrawal liability claim; therefore, the union did not assert this claim. This argument is illogical, for parties often

4

assert meritless claims. Thus, the district court could reasonably interpret its own judgment as one against the union on the withdrawal liability claim.

Because the motion for attorneys' fees could not be construed as a Rule 59 motion, the notice of appeal on the summary judgment ruling was not timely. Therefore, we lack jurisdiction to consider this part of the appeal.

## II. Attorneys' Fees

We reverse the fee award against the union and affirm the fee award against the pension fund.

### A. Union

The electric companies and Mr. Larsen conceded in oral argument that the attorneys' fees should not have been assessed against the union. Oral Arg. at 32:08-33:03. With this concession, we reverse the grant of attorneys' fees against the union.

### B. Pension Fund

The district court did not abuse its discretion in assessing attorneys' fees against the trustees.[3]

---

[3]    The trustees and the union do not challenge the amount of fees awarded; the challenge involves only the decision to grant attorneys' fees.

**1.      Standard for a Fee Award**

The district court has discretion to award attorneys' fees under the Employee Retirement Income Security Act. *Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983). Therefore, we review the district court's order for abuse of discretion. *Id.* Under this standard of review, we will reverse only if the district court clearly erred in its judgment. *Id.*

To determine if a party should be awarded attorneys' fees for a withdrawal liability claim, the district court must weigh five factors:

1.      the degree of the opposing parties' culpability or bad faith,

2.      the opposing parties' ability to satisfy an award of attorneys' fees,

3.      the deterrence of a fee award on other parties considering similar claims in the future,

4.      whether the parties requesting fees sought either to resolve a significant legal question regarding the Employee Retirement Income Security Act or to benefit all participants and beneficiaries of an ERISA plan, and

5.      the relative merits of the parties' positions.

*Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013).[4] No single factor is dispositive. *Id.*

---

[4]      The parties disagree on which statute governs the award of attorneys' fees. The trustees believe the proper statute is 29 U.S.C. § 1451(e), while the electric companies and Mr. Larsen argue that both 29 U.S.C. §§ 1132(g)(1) and 1451(e) apply. But, we believe the five-factor test would apply under both statutes. *See Anita Founds., Inc. v. ILGWU Nat'l Ret.*

The trustees confine their challenge to the district court's application of the first and fifth factors. We conclude that the court did not clearly err in applying these factors.

### 2. First Factor: The Degree of the Opposing Parties' Culpability or Bad Faith

The trustees argue that the district court erroneously applied the first factor because

- the defendants concede that the trustees had not acted in bad faith, and

- the union's alleged fault should not be attributed to the trustees.

We reject both arguments.

Despite the defendants' concession, the district court had to decide how to apply the first factor. Doing so, the court focused on "the degree of blameworthiness" between the parties. Appellant's App., vol. II at 853. This focus was reasonable, and the district court did not err by balancing the parties' blameworthiness rather than narrowly considering whether the trustees had acted in bad faith.

The court also acted in its discretion by attributing fault to the trustees, as well as the union. *See* Appellant's App., vol. II at 853-54

---

*Fund*, 902 F.2d 185, 199 (2d Cir. 1990) (explaining the *Gordon* factors' application to § 1132(g)(1) claims and listing other circuit courts that have adopted the *Gordon* factors for a § 1451(e) claim). Thus, we need not decide which statute governs the award of attorneys' fees.

(explaining that the union and the trustees were at fault). The court regarded the trustees as blameworthy, reasoning that they had taken their chances in the prior suit by relying on the union and then filing a new action only after the union had lost. *Id.* In balancing the relative fault of the parties, the court acted in its discretion by determining that the trustees were more blameworthy than the electric companies or Mr. Larsen.

### 3. Fifth Factor: The Relative Merits of the Parties' Positions

The trustees argue that the district court failed to properly assess the relative merits of the parties' positions. We reject this argument.

In doing so, we give at least some weight to the defendants' status as prevailing parties. *Graham v. Hartford Life Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). The district court not only awarded judgment to the defendants, but also commented on the weakness of the trustees' alter ego theory. In the course of denying the electric companies and Mr. Larsen's motion for judgment as a matter of law, the district court commented: "I've reached the conclusion that although the evidence is, in my judgment, at this point very weak, there is sufficient evidence before the court to allow the case to proceed, and so I'm going to deny the motion . . . ." Appellant's App., vol. II at 739.

The district court ultimately rejected the claims based on res judicata. Though the trustees appeal that ruling, we lack jurisdiction over

8

that part of the appeal.  Without jurisdiction to consider any of the trustees' appeal points on the summary judgment ruling, we cannot disturb the district court's discretionary assessment of the parties' relative strengths and weaknesses.

### 4.    Summary

The district court did not abuse its discretion in weighing the first and fifth factors against the trustees.  The trustees do not question the district court's consideration of the other three factors.  In these circumstances, the court did not err in assessing attorneys' fees against the trustees.

## III.   Conclusion

We lack jurisdiction to consider the appeal on the district court's award of summary judgment.  Thus, we dismiss this part of the appeal.[5]

We reverse the award of attorneys' fees against the union and affirm the fee award against the trustees.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[5]    In their brief, the electric companies and Mr. Larsen reserve the right to submit a declaration of attorneys' fees and costs upon a ruling affirming the district court's decision.